# Wheeling.

WILLIAM H. SHANKLIN'S *Adm'r. vs.* ELIZABETH F. CRISAMORE.

January Term, 1870.

1. The common law principle, that in an action of assumpsit, under the general issue, a general payment before suit brought may be proved without a bill of particulars, prevails in this State; but no specific or partial payment before suit brought can be proved, unless its nature and the several items thereof are filed with the plea.

2. If payment after suit brought is relied on, it must be pleaded, but if it is a general payment, it may be proved without bill of particulars, and if specific or partial payments are relied on, they must be specified in a bill of particulars.

In July, 1866. Elizabeth F. Crisamore brought an action of trespass on the case in assumpsit against John A. Welch, Administrator of William H. Shanklin, in the circuit court of Greenbrier. At the September term, 1866, the defendand pleaded the general issue, to which plea the plaintiff replied generally. A jury was empanneled and a verdict rendered for the plaintiff at the September term, 1868. On the trial the defendant excepted to the ruling of the court excluding proof of general payment, offered by the defendant under the general issue, on the ground that such proof could not be introduced under the plea of non assumpsit, because no account of payment or set off had been filed by defendant as required by Code of 1860, page 706, Sec. 4.

Error was assigned upon this ruling of the court below, and a supersedeas was awarded the defendant to this court.

Hon. N. Harrison, judge of the circuit court of Greenbrier, presided on the trial of the cause.

*Snyder* for plaintiff in error.
*Dennis* and *Davis* for defendant in error.

MAXWELL, J. This was an action of assumpsit, tried before a jury upon an issue upon the plea of non-assumpsit. Upon the trial the defendant introduced a witness and asked him the following question: "State whether or not you have had a conversation with the plaintiff concerning the services charged in this suit by the plaintiff, and if so, whether or not the plaintiff admitted that she had been fully paid for the same?"

To this question the plaintiff objected, and the court being of opinion that proof of payment could not be introduced under the plea of non-assumpsit, because no account of payment or set off had been filed by defendant, as required by the Code of 1860, sustained the objection, and excluded the evidence.

The common law rule is that in assumpsit, payment before action brought need not be pleaded specially, but may be given in evidence under the general issue. 1 Lord Raymond, 217; *Hatton* v. *Morse*, 1 Salk., 394; *Fits, &c.*, v. *Freestone*, 1 Modern, 210.

But payment after action brought must be pleaded specially. 2 Sanders on Pl. and Ev., 712; 2 Taunton, 203.

This rule is in violation of the fundamental principle of pleading, that a matter of defence which admits the facts stated in the declaration, but avoids them, should be specially pleaded.

The rule, however, became so well established in England that the courts found it impossible to retrace their steps, and it became necessary to interpose the act of Parliament of 3d and 4th, William IV., under which the judges soon thereafter adopted rules, intended to restore pleading in assumpsit, to its original logical simplicity. They provide

that payment shall in all cases be specially pleaded, and such seems now to be the law of England, but the common law prevails here, unless modified by the 4th section of ch. 172 of the Code of Va., p. 716, as follows :

In a suit for any debt, the defendant may at the trial prove and have allowed against such debt, any payment or set off which is so described in his plea, or in an account filed therewith, as to give the plaintiff notice of its nature, but not otherwise.

The substance of this provision appeared, for the first time, in the Code of 1819, and went into force on the 1st of January, 1820.

Payment cannot be proved unless described in the plea, or in an account filed therewith.

There have been no decisions of the court of appeals of Virginia, or of this court, in explanation of this statute; but the nearest that any case comes to the question, is what is said in the case of *Rice's Ex'r* v. *Annatt's adm'r*, 8 Gratt., 557. That case was an action of debt in which payment was pleaded. Judge Allen, in delivering the opinion of the court, said:

" Where the defendant relies upon a specific payment or set off, by way of discount against the debt, an account stating distinctly the nature of such payment or set off, and the several items thereof must be filed with the plea; though the defendant may rely on parol admissions of the plaintiff to prove such payments; but this does not apply to a case where no specific payment is relied on."

To apply these principles to an action of assumsit, under the general issue, it would seem that general payment before suit brought may be proved without a bill of particulars; that no specific or partial payment before suit brought can be proved unless its nature and the several items thereof is filed with the plea. If payment after suit brought is relied on, it must be pleaded, but if it is a general payment it may be proved, without bill of particulars. If specific or partial payments are relied on, they must be specified in a bill of particulars.

The question asked the witness was, "Whether or not the plaintiff admitted that she had been fully paid" the debt demanded.

If the witness, in answer to this question, had said that the plaintiff admitted she had been fully paid before suit brought, it would have been competent testimony, but if she had admitted payment after suit brought, it would have been incompetent.

It follows, therefore, that as the answer to the question might have been proper evidence to go to the jury; the question itself was proper, and should have been answered. *Thompson* v. *Updegraff*, 3 W. Va. Rep., 629.

If it had appeared that the answer, when given, was improper evidence, it should have then been excluded from the jury.

For the error committed in refusing to allow the witness to answer, the judgment will have to be reversed with costs to the plaintiff in error, and the cause remanded for further proceedings.

The other judges concurred.

JUDGMENT REVERSED.