# CHARLESTON.

## LAWSON *v.* ZINN.

### Decided November 24, 1900.

1. DEBT—*Plea of Payments.*
    In an action of debt, no account of payments need be filed to admit proof of general payments. (p. 315).

2. DEBT—*Trial—Proof of Settlement.*
    In the trial of an action of debt, when there is a plea of payment, it is error to suppress the deposition of a witness who has died, and wnose testimony tends to prove the settlement, before suit brought, of the note sued on, by a partial payment, and a new note given for the residue. (p. 316).

Error to Circuit Court, Ritchie County.

Action by B. W. Lawson against B. F. and P. G. Zinn. Judgment for plaintiff against defendant P. G. Zinn, and he brings error.

*Reversed.*

J. WILLIS FIDLER and ROBINSON & PIERPOINT, for plaintiff in error.

H. C. SHOWALTER, for defendant in error.

MCWHORTER, PRESIDENT:

This was an action of debt brought in the circuit court of Ritchie County by B. W. Lawson against B. F. Zinn and P. G. Zinn as B. F. Zinn & Bro., on a note for three hundred and three dollars and eighty-one cents, dated October 24, 1884, and payable to the order of plaintiff. The writ was served only on P. G. Zinn, who appeared and demurred to the declaration, in which plaintiff joined, and being argued, was overruled. Defendant then pleaded that he did not owe the debt in the declaration mentioned, and pleaded payment, on which pleas issue was joined. Plaintiff excepted to the deposition of B. F. Zinn, taken on behalf of the defendants, and filed February 6, 1895, because there was no sets-off filed or any pleading pleaded by defendants putting the matter in issue, to which the witness (one of the defendants) had testified in said deposition, which exception the court sustained, and refused to allow said deposition to be read, to which defendant excepted. A jury was impaneled on the 24th of October, 1898, and having heard the evidence and arguments of counsel, retired to consider of their verdict and after some time returned into court. Plaintiff suggested the death of the defendant B. F. Zinn since the institution of the suit, and the action was abated as to him, and thereupon the jury returned a verdict for the plaintiff for five hundred and fifty-nine dollars and one cent against the defendant, P. G. Zinn, who moved the court to set the verdict aside because it was contrary to the law and the evidence and grant him a new trial, of which motion the court took time to consider, and on the 31st day of October, 1898, the court overruled the motion and entered judgment on said verdict. The defendant tendered four bills of exceptions to the rulings of the court which were signed, sealed and saved to him, and made a part of the record. Defendant obtained a writ of error to said judgment, and assigns as error, first, the overruling of the demurrer to plaintiff's declaration. Defendant in his brief refers to Hogg's Pl. & Forms, p. 270, and says: "While there are more in the declaration than is contained in Hogg's form, yet there are essentials left out, which we think made it bad on demurrer," but fails to point out any defect, or "essential left out." It is not precisely in the language given by the author referred to, yet I fail to see any "essential" lacking. I have no doubt of the sufficiency of the

declaration, and at any rate it was proper to overrule the de-
murrer under section 29, chapter 125, Code.

The second, third and fourth assignments are that it was error
to refuse to set aside the verdict and grant a new trial; to enter
up judgment on the verdict; and to enter up judgment against
P. G. Zinn only and not abating the action as to B. F. Zinn, who
was dead at the time the judgment was rendered. As to the lat-
ter, the record shows that the suit was abated as to B. F. Zinn
before the verdict was rendered. Fifth assignment, that the
court erred in sustaining plaintiff's exception to the reading of
the deposition of B. F. Zinn taken and filed in the case on the
6th day of February, 1895; that this deposition went to the very
merits of the case, and was vital and essential, and a farther rea-
son that it should have been permitted to be read, that the wit-
ness was dead and it could not be retaken, which assignment is
covered by bill of exceptions No. 2. Appellee contends that the
deposition ought to have been rejected because it had been re-
taken without leave of the court. There was no exception to the
deposition to the effect that it was retaken without leave of the
court, or that the deposition of this witness had ever been taken
in the case so far as the record shows. If there had been such
exception or objection to its being read, it would have been a
matter of sound discretion with the court whether to allow it to
be read or not. *Carter* v. *Edmonds,* 80 Va. 58; *McKell* v. *Col-
lins Colliery Co.,* 46 W. Va. 625, (33 S. E. R. 765). This depo-
sition is objected to only for the reason that "there are no sets-
off filed or any pleading pleaded by the defendants putting the
matter in issue to which the witness (one of the defendants) has
testified in said deposition, and for other reasons appearing on
the face of the deposition." In writing up this case I was at
first of the opinion that this objection was well taken, under the
view of the appellee, by which I was somewhat misled, that it
was only tending to prove a partial payment of one hundred and
three dollars and thirty-one cents, but on a more critical exam-
ination I find it tends to prove the settlement of the whole note
by the payment of the said sum of one hundred and three dollars
and thirty-one cents and the giving of a new note for two hun-
dred dollars, for the residue, which plaintiff himself says was
to be credited on the note if paid at maturity, so if the note of
two hundred dollars had been paid at maturity, it would have
been a full settlement and payment of the whole note sued upon,

in case the payment of one hundred and three dollars and thirty-one cents should be applied to said note sued on, as is shown by said deposition, but which is disputed and contradicted by the plaintiff, and as to which was correct in his statement was a question alone for the jury. Section 1, chapter 126, Code, provides that, "In any action of debt, the defendant may plead payment of the debt (or of so much as is due by the condition) before action brought." In *Shanklin* v. *Crisamore*, 4 W. Va. 134, it is held that "the common law principle, that in an action of *assumpsit,* under the general issue, a general payment before suit brought may be proved without a bill of particulars, prevails in this State. In *Simmons* v. *Trumbo*, 9 W. Va. 358, Judge Green cites approvingly said case of *Shanklin* v. *Crisamore*, and in syl. 6 it is held that, "No account of payments need be filed to admit proof of general payments." Appellee claims that if B. F. Zinn had been living he could not have testified before the jury in person to the facts stated in his deposition concerning the trust deed, that the deed was the best evidence. I cannot see why it was not competent for him to state that one of the two hundred dollar notes secured by the trust deed was given for a part of the note sued upon. Such statement would not tend to contradict the trust deed nor any part of it. Appellee says, "The notes in the trust mentioned as endorsed by Lawson were regarded as accommodation notes, as proven by plaintiff; no one contradicts it, and the property given to secure their payment only paid seventy cents on the dollar." True, it is not squarely contradicted, except by the deposition of B. F. Zinn, which is explicit, and that full justice might be done in the case the jury were entitled to have the benefit of that deposition and weigh it with the other testimony. T. E. Davis testifies in relation to the notes secured to Lawson in the deed of trust, "I think the notes were paid off by the assignment, or nearly all of them." The deposition of B. F. Zinn was competent testimony in the case, and its exclusion might work a great wrong.

Assignment No. 6: That it was error to permit P. G. Zinn, the assignee of B. F. Zinn, to testify in regard to his transactions with B. F. Zinn, who was dead at the time such testimony was given. The witness P. G. Zinn does not appear to be personally interested in the matter in controversy. He was the assignee of B. F. Zinn, as trustee for the creditors of B. F. Zinn, and plaintiff was preferred in such trust for six hundred and

fifty dollars. The said P. G. Zinn does not come within the inhibition of section 23, chapter 130, Code, to be excluded as a witness as to a personal communication between himself and B. F. Zinn, as testified by him.

Assignment No. 7: "That the court erred in permitting plaintiff over the objection and exception of defendant, to testify in relation to the transaction between himself and the deceased B. F. Zinn about the payment of one hundred and three dollars and thirty-one cents, which defendant undertook to establish by the testimony of B. F. Zinn, which deposition was suppressed because of want of proper pleadings to admit it." This assignment becomes immaterial on admitting the said deposition in evidence on a new trial.

For the reasons stated the judgment will be reversed, the verdict will be set aside, and the case remanded for a new trial.

*Reversed.*