# CHARLESTON.

## SHORE v. POWELL.

Submitted September 9, 1910.    Decided October 8, 1912.

1. PAYMENT—*Actions—Proof Under General Issue*.
   In an action on simple contract, proof of mere general payment, or of accord and satisfaction of a disputed claim, is admissible under the general issue without specification. (p. 62).

2. CONTINUANCE—*Grounds—Surprise*.
   A party can not be surprised, and thereby entitled to an adjournment to obtain evidence, by anything properly admissible under the pleadings on which he submitted himself to trial. (p. 62).

Error to Circuit Court, McDowell County.

Action by Jacob Shore against B. H. Powell. Judgment for plaintiff by a justice. From a judgment for defendant on appeal, plaintiff brings error.

*Affirmed.*

*Anderson, Strother & Hughes* and *Thos. H. S. Curd,* for plaintiff in error.

*Flanagan & Perry* and *T. F Henritze,* for defendant in error.

ROBINSON, JUDGE:

Shore sued Powell before a justice of the peace for the recovery of an amount claimed to be due on a store account De fendant did not appear to the action before the justice; and judgment was there rendered against him. He appealed the case to the circuit court. When it was called in that forum defendant simply pleaded that he did not owe the claim, and both parties announced themselves ready for trial. During the trial before a jury, plaintiff excepted to the admission of testimony to the fact that defendant had paid plaintiff before the suit was brought one hundred dollars as an accord and satisfaction of the claim, which claim defendant testified had been a disputed one. Plaintiff also excepted to the refusal of the court to grant him an adjournment of the trial from a time near the usual hour of adjournment until the next morning in order to

meet this proof of payment. The jury found for defendant; plaintiff's motion to set aside the verdict and grant a new trial was overruled; and judgment was rendered accordingly. Plaintiff has brought the case to this Court, relying for reversal on the exceptions that we have mentioned.

May proof of the payment claimed be admitted under the general issue and without specification? Answer to this question must completely dispose of the case; for, if it may, then plaintiff can not say that he was surprised and thereby entitled to an adjournment of the trial merely on the score that he was not expecting proof of payment under the plea that had been entered. If it was legal to introduce that proof under the pleadings as made up, he was bound to meet the same. He could not claim to be surprised by anything properly admissible under the pleadings on which he submitted himself to trial.

Of course the procedure in this case must be governed by the statute relating to proceedings in suits originating before justices. But we do not find that statute requiring anything that will differentiate the case from the general law as to the point involved.

It must be noted that defendant did not seek to set up partial payments against the debt. He relied on a mere general payment; on an accord and satisfaction of a disputed claim. Proof of such matter was admissible without special plea or bill of particulars. "The common law principle, that in an action of *assumpsit,* under the general issue, a general payment before suit brought may be proved without a bill of particulars, prevails in this State; but no specific or partial payment before suit brought can be proved, unless its nature and the several items thereof are filed with the plea." *Shanklin's Adm'r.* v. *Crisamore,* 4 W. Va. 134. This holding has been approved and followed. *Simmons* v. *Trumbo,* 9 W. Va. 358; *Lawson* v. *Zinn,* 48 W. Va. 312. The rule applies also to actions in debt on simple contract. "Payment may be given in evidence under the general issue in *assumpsit,* and debt on simple contract. * * * In all cases with us partial payments must be specially pleaded or described in an account filed with the plea which puts the matter in issue." Hogg's Pleading and Forms,

sec. 223. The author of the last quotation therein plainly recognizes a distinction between a general payment and partial payments.

These announcements of the rule have not been made in ignorance of the statute requiring specification of payments relied on in defense of an action. Code 1906, ch. 126, sec. 4. In the case which we first cited, Judge MAXWELL particularly views that statute. It seems that a stricter application is now given it in Virginia. But with us it has clearly been considered as requiring no special plea or specification of a general payment.

That which defendant was permitted to prove in this case was plainly an accord and satisfaction of a disputed account. Such matter is provable under the mere general issue in *assumpsit* or debt. Hogg's Pleading and Forms, secs. 220, 221; *Bank* v. *Kimberlands*, 16 W. Va. 555. A plaintiff seeking recovery of a debt must be prepared to meet accord and satisfaction under the general issue and without more.

Perhaps there should be demanded greater particularity in pleading or in setting up defenses of general payment and accord and satisfaction than our well established law ordains. But it must remain to the Legislature to change the law.

There is no error. Let the judgment be affirmed.

*Affirmed.*