# Richmond

## EICHELBERGER V. MANN.

### January 15, 1914.

1. CORPORATIONS — *Organization Meeting — Absence of Subscriber — Waiver.*—If a subscriber to the stock of a corporation was not present or represented at the organization meeting, and did not waive in writing notice of the meeting, as provided by section 1105-a (4) of the Code (1904), his absence only rendered the proceedings voidable as to him, and he could subsequently waive the irregularity and ratify the proceedings, as was done in the case at bar.

2. PLEADING—*Motion Under Section 3211 of Code—Stock Subscription.*— An unconditional and unqualified promise to pay for stock in a corporation, as and when called for by the board of directors, may be enforced by a motion under section 3211 of the Code.

3. CORPORATIONS—*Stock Subscription—Release—Collateral Agreement With Third Person.*—It is no defense to a written subscription to stock in a corporation that the subscriber had a collateral agreement with two of the promoters of the corporation in their *individual* capacities only that under certain contingencies they would take the stock off his hands. Such a private arrangement between parties in their own behalf, concerning which neither the corporation nor other subscribers had notice, is in no way binding upon them.

4. CORPORATIONS—*Stock Subscription—Release—Agreement With Another Stockholder—Accord Without Satisfaction.*—An agreement to release a stockholder from his subscription upon certain conditions is not binding upon the company where it appears that the alleged agreement was not made with the stockholders as a whole, or with the board of directors, but with certain individual stockholders, acting upon their own initiative and without authority to release the subscriber from his stock subscription. A stockholder has no power to bind a corporation unless he is its authorized agent. In the case at bar, if any such agreement was made, it was not proved that it was performed by the subscriber, and an accord without satisfaction is not sufficient.

Error to a judgment of the Circuit Court of Chester-field county in a proceeding by motion for a judgment under section 3211 of the Code. The corporation which held the stock subscription assigned the same, for value, to James Mann, who instituted this proceeding in his own name. Judgment for the plaintiff. Defendant assigns error.

*Affirmed.*

The opinion states the case.

*Willis B. Smith* and *Samuel W. Zimmer,* for the plaintiff in error.

*Sale, Mann & Tyler,* for the defendant in error.

BUCHANAN, J., delivered the opinion of the court.

On motion, under section 3211 of the Code, the defendant in error, plaintiff below, as assignee of the Centre Hill Corporation, recovered judgment for $1,000 against the plaintiff in error, the defendant, on his subscription to ten shares of the capital stock of the corporation. The case is before us on writ of error to that judgment.

The first three assignments of error practically depend upon the same ground of defense, viz: that there was no absolute contract of subscription made by the defendant to the stock in question.

1. The first contention is that the evidence only shows an agreement on the part of the defendant to subscribe to stock of a corporation to be formed in future; and that, inasmuch as at the time of the institution of this proceeding section 3211 limited the remedy by motion to the recovery of money due by contract and did not authorize the recovery of damages for a mere breach of contract, this motion could not be maintained, and should have been dismissed. *Wilson* v. *Dawson,* 96 Va. 687, 32 S. E. 461.

2. The propriety of the court's ruling under the first assignment of error depends upon the correctness of its action with respect to the second assignment, namely, that it erred in denying the motion of the defendant to strike out all of the plaintiff's evidence tending to show the acceptance by the corporation of the defendant's subscription to the stock; the contention in that regard being that it appeared from plaintiff's own ·evidence that the initial meeting of the subscribers was illegal, and, therefore, that the corporation had never been legally organized.

Section 1105-a (4) of the Code provides that the subscribers shall give ten days' notice of the organization meeting, unless all the shareholders are present or represented, or unless notice of the meeting is waived in writing by such of the subscribers as are absent.

All the subscribers, in this instance, were present at the meeting, except defendant, and he was notified of the meeting by telephone on the day it was held. The evidence (considered as upon a demurrer to the evidence) also tended to show that the defendant authorized the secretary of the meeting to represent him; but if such was not the case, it appears that on June 25, 1910, nine days after the initial meeting was held, the defendant executed a general proxy in writing, appointing the secretary attorney-in-fact to represent his interest in the corporation and the stock subscribed for by him in any and all meetings of the incorporated stockholders, which power of attorney related back to and in terms covered the organization meeting held on June 10, 1910. So that if, as the defendant claims, he was not personally present or represented at the first meeting, his absence only rendered the proceedings voidable as to him, and the effect of the power of attorney subsequently executed was to waive the irregularity and ratify the proceedings. The trial court, therefore, did not err in overruling the motion of the defendant to reject the plaintiff's evidence.

3. The next ground of error involves the action of the court in rejecting certain evidence on behalf of the defendant.

The effect of that evidence, if true, was to establish a collateral agreement between the defendant, on the one part, and Arthur Kyle Davis, a promotor of the company, and his brother, Charles Hall Davis, *each acting in his individual capacity only,* on the other, to the effect that the Davises, under certain contingences, would take the stock off his hands. In this transaction these parties in no way represented the corporation or other stockholders. It was a private arrangement between parties acting in their own behalf, and concerning which neither the corporation nor other subscribers had notice, and which was in no way binding upon them. 10 Cyc. 414, 434.

In these circumstances, the court, having carefully considered the evidence, correctly held that it constituted no defense to the action, and therefore sustained the motion of the plaintiff to reject it. On the other hand, the written subscription agreement made by the defendant is an unconditional and unqualified promise to pay for the ten shares of stock, "as and when called for by the board of directors of said corporation."

4. The fourth and last assignment of error which demands consideration is founded upon the court's action in excluding certain evidence offered by the defendant to prove a conditional purchase by him of a Centre Hill lot in discharge of his liability on the stock subscription.

This defense was relied on as an accord and satisfaction, but the alleged agreement was not made with the stockholders as a whole, or with the board of directors, but with certain individual stockholders, acting upon their own initiative and without authority to release the defendant from his stock subscription.

The principle is elementary that a stockholder has no power to bind a corporation unless he is its authorized

agent.    Besides, if the evidence were held sufficient to establish a valid accord, it would have constituted no defense, because it failed to show a satisfaction.    In other words, it was not proved that the defendant ever purchased a lot as stipulated in the alleged agreement.    An accord without satisfaction is insufficient.    1 Am. & Eng. Enc. of Law, 422.

For the foregoing reasons we are of opinion that the judgment of the circuit court is without error and should be affirmed.

*Affirmed.*