# CHARLESTON.

## SHUMAN v. SHUMAN.

Submitted January 16, 1917.    Decided January 23, 1917.

1. PLEADING—*Recoupment—Notice—Sufficiency.*

    Notice only being necessary to entitle a defendant to recoup damages for a breach of the contract on which plaintiff sues, a special plea filed in such case, although unnecessary as a plea, should be treated as notice, and, if sufficient as such, should not be stricken from the record. (p. 446).

2. PAYMENT—*Pleading—Necessity.*

    Payment, unless partial only, may be proven under the general issue in assumpsit. (p. 445).

3. SAME—*Mode—Effect.*

    Payment of a debt to a third person, with the approval, or at the request of the creditor, is, in legal effect, a payment to the creditor. (p. 445).

4. WITNESSES—*Competency—Transactions with Deceased Person.*

    Where plaintiff's action is based on defendant's personal promise to him, defendant is a competent witness to prove a discharge thereof by payment made by him to plaintiff's mother, notwithstanding her decease at the time such testimony is offered. The testimony, in such case, not being against the plaintiff in his capacity of administrator, heir at law, distributee, legatee or assignee of the deceased, Sec. 23, Ch. 130, Code, makes defendant a competent witness. (p. 445).

5. SAME—*Corporations—Competency of Evidence.*

    Where the defense is payment, made to a third person at the request of plaintiff, evidence tending to prove that plaintiff, as administrator of such third person, in whose estate both he and defendant were jointly interested, paid to defendant his share of the proceeds thereof, after the debt sued for was payable, and without then making any claim therefor or reference thereto, is admissible, as corroborative of defendant's testimony concerning payment. (p. 446).

Error to Circuit Court, Wetzel County.

Action by Sylvester M. Shuman against T. A. Shuman. There was a judgment for plaintiff, and defendant brings error.

*Reversed and remanded for new trial.*

*Larrick & Lemon,* for plaintiff in error.

*Thos. P. Jacobs* and *F. V. Iams,* for defendant in error.

Williams, Judge:

In February, 1907, Jesse Shuman died seized of a tract of 247 acres of land, leaving to survive him a widow, Massa Shuman, and five children as his only heirs, two of whom are the plaintiff and the defendant. On the 17th of June, 1907, S. M. Shuman, the plaintiff, sold his one-fifth undivided interest in the Pittsburg seam of coal underlying said tract of land to his brother T. A. Shuman, the defendant, at the price of $1,235.00, payable in ten days thereafter. Within the ten days defendant paid to plaintiff $823.32, two-thirds of the price, and thereupon a deed was immediately made by all five of the joint owners, in which the widow joined, conveying the entire Pittsburg vein of coal underlying the land, together with certain mining privileges, to H. C. Babb.

This action of assumpsit is brought to recover the balance claimed by plaintiff to be due on the contract of sale to his brother. Defendant pleaded the general issue, and also tendered and was permitted to file five special pleas, all of which however were, on motion of plaintiff made at a subsequent term, stricken out over defendant's objection. The case was then tried on the general issue, resulting in a verdict for plaintiff at the direction of the court. The defendant's motion to set the verdict aside was overruled and judgment entered thereon for $635.33.

Striking out defendant's special pleas is assigned as error. The first plea avers plaintiff agreed to sell and convey to defendant the one-fifth interest in the coal, free from all incumbrances, and that, pursuant to that agreement, plaintiff, at the request of defendant, executed a deed with covenants of general warranty of title to H. C. Babb; that Massa Shuman, widow of Jesse Shuman, deceased, was then entitled to dower in the coal, which was an existing incumbrance and, therefore, constituted a breach of plaintiff's warranty; that defendant was compelled to pay her the sum of $411.67 in order to procure a release of her dower right in the coal; and that he has thereby sustained damages equal to the amount

of plaintiff's claim. By this plea defendant seeks to recoup damages growing out of the transaction which forms the basis of plaintiff's suit, which he may do. But a special plea setting up this defense was not necessary. A defendant may recoup under the general issue, by giving notice of his purpose to do so. *Organ Co.* v. *House,* 25 W. Va. 64, and *Franklin* v. *Lumber Co.,* 66 W. Va. 164. But, although not necessary as a plea, it should have been regarded as a notice of recoupment and not have been stricken from the record. *McClanahan* v. *Caul,* 63 W .Va. 418.

Plea No. 2 avers that payment of the sum sued for was made to Massa Shuman, the widow, at the special request and instance of plaintiff. Payment by the debtor to a third person, by direction of the creditor, is as valid as if made to the creditor in person. *Exchange Bank* v. *Cookman,* 1 W. Va. 69; 30 Cyc. 1183; *Hurst* v. *Whitly,* 47 Ga. 366; and *Baughan* v. *Brown, Admr.,* 122 Ind. 115. And the defense of payment need not be specially pleaded, but may be proven under the general issue. *Shore* v. *Powell,* 71 W. Va. 61. However, the rule is different, requiring plea of payment and bill of particulars, if the payment is partial only. *Shanklin* v. *Crisamore,* 4 W. Va. 134; *Simmons* v. *Trumbo,* 9 W. Va. 358; and *Lawson* v. *Zinn,* 48 W. Va. 312. Hence this plea was unnecessary and, therefore, properly stricken from the record.

Pleas Nos. 3, 4 and 5 set up, in varying form, the same defenses averred in the first two special pleas and were, therefore, properly rejected.

It is admitted that defendant paid two-thirds of the amount for which the note was given within the time specified, and defendant offered to prove that he paid the remaining third to Massa Shuman the widow, at plaintiff's request, but the court refused to admit this testimony. Payment to a third person by direction of the creditor being a legal discharge of the debt, this testimony was admissible. It tended to prove a fact which should have been submitted to the jury, and which, if proven to their satisfaction, was a complete defense.

Although defendant's competency to prove payment to his

mother, she being dead at the time of the trial, is not mentioned in brief of counsel, nevertheless we think it proper to pass upon that question, as it is likely to arise on a new trial. The exception in sec. 23, ch. 130, Code, excluding parties to a suit and persons interested in its result from testifying concerning personal transactions with persons deceased at the time such testimony is offered, does not apply in this case, for the reason that plaintiff is not asserting a claim in his official capacity as administrator of his mother, nor as her heir at law, distributee, legatee or assignee. His cause of action grows out of the personal contract between himself and defendant. It established the relation of debtor and creditor between them, and plaintiff's relationship to the deceased party, to whom defendant claims to have made payment, does not render him incompetent to prove the fact. The testimony offered is not *against* him in any one of the capacities enumerated in the statute, the purpose of which was to remove the incompetency, as witnesses, of parties to suits and persons interested in the results thereof, which existed at the common law, except insofar as the testimony of such witness related to personal transactions between himself and a person deceased or insane at the time the testimony is offered, and only then is such witness incompetent when the testimony is against a person whose claim or interest in the suit is derived by virtue of his relation to the deceased as personal representative, heir at law, distributee, legatee or assignee.

Defendant offered to prove that plaintiff, as administrator of their mother, disbursed to him his distributive share of the proceeds of her estate, long after the note sued on was payable, and did not then mention the debt now sued for, but the court refused to admit this testimony. This testimony, while not direct, is nevertheless corroborative of defendant's testimony tending to prove payment to his mother and should have been admitted.

Plaintiff requested two instructions to be given to the jury, both of which were refused. The first one was to the effect that, if the jury believed from the evidence plaintiff and defendant agreed that one-third of the money due on the con-

tract should be paid to their mother and defendant did thereafter pay that amount to her, they should find for the defendant.    The second would have told the jury that, if they believed from the evidence defendant paid said sum to his mother, and plaintiff thereafter ratified and confirmed said payment, they should find for defendant.

The court's refusal to give these instructions was consistent with its rulings on the evidence, which rulings we have determined were erroneous.    Defendant's testimony being excluded, there was no basis for the instructions.    But they should be given, if again requested on a new trial, provided defendant's evidence, which was erroneously excluded, is offered on such trial.

For the reasons already given it was error for the court, to direct a verdict for plaintiff.    The conflicting testimony presents a fact which the jury should determine.    The judgment is reversed, the verdict set aside and the cause remanded for a new trial.

*Reversed, and remanded for new trial.*