# CHARLESTON.

## DUNBAR TIRE & RUBBER COMPANY v. R. W. CRISSEY AND J. H. RILEY

Submitted November 21, 1922.    Decided November 28, 1922.

1. JUDGMENT—NEW TRIAL—*Judgment Notwithstanding Verdict Not Rendered, Unless Justified by Merits as Disclosed by Pleadings; New Trial May be Granted Where Evidence Does Not Support Verdict.*

   In a civil suit a judgment will not be rendered *non obstante veredicto* unless the merits of the case, as disclosed by the pleadings, justify such judgment. Where a conclusion as to to the rights of the parties involves a consideration of the evidence, and the court comes to the conclusion that the jury's verdict is not supported thereby, a judgment *non obstante veredicto* will not be rendered, but a new trial will be granted upon motion of the party adversely affected by such verdict. (p. 422).

2. PREVIOUS CASES OVERRULED.

   So far as they hold contrary to the above doctrine, the cases of *Maupin* v. *Insurance Company*, 53 W. Va. 557; *Anderson* v. *Tug River Coal & Coke Co.*, 59 W. Va. 301; *Ruffner Brothers* v. *Insurance Co.*, 59 W. Va., 432; *McMillan* v. *Coal Co.*, 61 W. Va. 531; and *Weeks* v. *Ry. Co.*, 68 W. Va. 284, are overruled. (p. 422).

3. CORPORATIONS—*May Recover Against Officers who Appropriated to Their Own Use Corporate Funds in Action of Assumpsit.*

   An action of assumpsit will lie at the suit of a corporation against two of its officers who withdraw and appropriate to their own use the funds of such corporation under their control, without any consideration or liability of the corporation to them, and without any authority of the board of directors of such corporation for so disposing of its funds. (p. 423).

Error to Circuit Court, Kanawha County.

Action by the Dunbar Tire & Rubber Company against R. W. Crissey and another.    To review judgment for plaintiff

notwithstanding a verdict for defendants, the defendants bring error.

*Reversed and remanded.*

*R. E. Hughes* and *Stewart & Whitt*, for plaintiffs in error.
*Howard N. Luckey* and *Donald O. Blagg*, for defendant in error.

Ritz, Judge:

This writ of error brings up for review a judgment of the Circuit Court of Kanawha County rendered in favor of the plaintiff, notwithstanding the verdict of the jury in favor of the defendants. The suit is an action of assumpsit brought to recover the sum of fifteen hundred dollars which it is claimed the two defendants received out of the treasury of the plaintiff without any authority, or without any consideration; they being at the time the president and the treasurer of the plaintiff respectively.

The facts are that the plaintiff was organized as a corporation in September, 1919. The defendants were the promoters of this corporation. Prior to its organization the defendant Crissey had an option from the Dunbar Land Company by which that company agreed to turn over to a corporation to be organized with a capital stock of a million dollars, four hundred thousand dollars thereof to be preferred stock, six hundred thousand dollars common stock, a certain piece of property in the city of Dunbar, to be used by such corporation in carrying on its business. The plaintiff was organized for the purpose of accepting the benefits of that option. The option provided that the Dunbar Land Company should receive for the property turned over by it fifteen thousand dollars of the preferred stock of said corporation, seven thousand five hundred dollars of the common stock, and thirty thousands dollars in money, ten thousand dollars of which was to be paid in cash, and the balance in deferred installments. After the plaintiff was organized the defendant Crissey made a proposition to the corporation to turn over to it the benefits of the option con-

tract aforesaid, in consideration that the said corporation assume the obligation thereof to the Dunbar Land Company, and issue to him the six hundred thousand dollars of common stock, with the further agreement on his part that he would hold said common stock and deliver the same on the order of the plaintiff for the purpose of providing a bonus to purchasers of the preferred stock, as well as the seven thousand, five hundred dollars of common stock to be paid to the Dunbar Land Company, it being the expectation of the plaintiff to sell its preferred stock at par, and give to each purchaser of preferred stock, common stock to the amount of one-half of his purchase of preferred stock. This proposition of the defendant Crissey was accepted, and in pursuance of it the plaintiff issued fifteen thousand dollars of its preferred stock to the Dunbar Land Company, and passed a resolution authorizing the sale of the remaining preferred stock at par, with the provision that a bonus should be given to the purchasers as aforesaid; and further authorizing the payment of ten per centum commissions to agents for making sale of such preferred stock, and also provided that any officer of the company who made sales of such preferred saock would be entitled to receive the ten per cent. commissions. Upon this basis the company began business, and sold through agents a considerable amount of the preferred stock on which the commissions were paid in accordance with the above understanding. In February, 1921, it became apparent to the defendants that they were about to lose their official connection with the plaintiff corporation, and they then conceived the idea that they were entitled to a commission of ten per cent on the fifteen thousand dollars of preferred stock issued to the Dunbar Land Company in part payment of the property turned over by that company to the plaintiff. They accordingly drew two checks of the plaintiff, one for one thousand dollars, and one for five hundred dollars, to themselves, and signed them as president and treasurer respectively, and drew these amounts out of the treasury of the company as commissions upon the transfer of the fifteen thousand dollars of stock to the Dun-

bar Land Company aforesaid. On the first of March, 1921, they were ousted from their official positions with the plaintiff, and upon an examination of the records of the company this payment to themselves was discovered, and this suit immediately brought to recover the same. Upon a trial in the circuit court the facts as above detailed were substantially agreed to, and the plaintiff moved the court to direct a verdict in its favor for the said sum of fifteen hundred dollars, with interest from the time it was received by the defendants. The court refused to give this instruction, but did instruct the jury that if they believed that this fifteen hundred dollars was taken out of the treasury of the company by the defendants as commissions on the fifteen thousand dollars of stock issued to the Dunbar Land Company, then the plaintiff was entitled to recover the same. This was in effect a peremptory instruction, inasmuch as both of the defendants admit that that was just what it was received for. Notwithstanding this instruction the jury returned a verdict in favor of the defendants. Plaintiff moved to set aside this verdict and grant to it a new trial, but the court overruled this motion. The plaintiff thereupon moved the court to enter a judgment in its favor for fifteen hundred dollars and interest, notwithstanding the verdict of the jury, and the court sustained this motion and entered the judgment in favor of the plaintiff complained of.

The first proposition presented for our consideration is, could the court properly enter a judgment in favor of the plaintiff notwithstanding the verdict of the jury? It will be borne in mind that such judgment is not based alone upon the pleadings in the case, inasmuch as the plaintiff would not be entitled to recover upon the face of the pleadings without the introduction of any evidence. Rendition of the judgment involved a consideration of the evidence and a finding by the court that the proof offered by the plaintiff entitled it to recover notwithstanding the defense made. In *Holt* v. *Elevator Company,* 78 W. Va. 785, it was held that a judgment *non obstante verdicto* must be based upon the merits of the case as disclosed by the pleadings, and not in any

sense upon evidence adduced upon a material issue properly joined. The basis of this conclusion is there fully stated, and it is not necessary to again elaborate it. This doctrine has been consistently followed since that decision in the cases of *Shafer* v. *Security Trust Company,* 82 W. Va. 618; *Zinn* v. *Cabot,* 88 W. Va. 118; and *Allen* v. *Simmons,* 90 W. Va. 774. In the latter case it was insisted that inasmuch as the evidence offered by the defendant made no defense to the plaintiff's case the court should render a judgment notwithstanding the verdict in favor of the defendant, and we there held that in no civil case would a verdict be rendered in opposition to the verdict of the jury unless the merits of the case, as disclosed by the pleadings themselves, justified such judgment. There are some cases in which there is an apparent contrary holding, and while the effect of the cases above referred to is to overrule these former decisions, the fact that they were not specifically overruled may have caused some confusion among the profession. In *Maupin* v. *Insurance Company,* 53 W. Va. 557, it was held that notwithstanding the verdict for the plaintiff, if the court found such verdict to be without sufficient evidence, or contrary to the evidence, it would render judgment in favor of the defendant where it appears that no better case could be made. This doctrine was followed in the cases of *Anderson* v. *Tug River Coal & Coke Co.,* 59 W. Va. 301; *Ruffner Brothers* v. *Insurance Co.,* 59 W. Va. 432; *McMillan* v. *Coal Co.,* 61 W. Va. 531; and *Weeks* v. *Ry. Co.,* 68 W. Va. 284. So far as these decisions hold contrary to the doctrine above announced, they are now overruled.

This results, of course, in a reversal of the judgment rendered by the circuit court, and the defendants insist that they are entitled to have a judgment of *nil capiat* rendered upon the verdict of the jury, while the plaintiff insists that if the present judgment be not sustained it is entitled to have the verdict of the jury set aside, and a new trial awarded. Of course, if the evidence offered upon the trial of the case justified the jury's verdict, then the defendants' contention is correct. If, on the other hand, the facts sub-

stantially undisputed show a clear right in the plaintiff to recover, the verdict of the jury will have to be set aside, and a new trial awarded. The statement above discloses the facts as they appear in the record, and it is quite apparent from this statement that there is not a shadow of right in the defendants to retain this fifteen hundred dollars. There is no showing that the plaintiff ever authorized any commission to be paid except on preferred stock actually sold. This stock issued to the Dunbar Land Company was not sold by the defendants in any sense of the word. It was issued direct by the plaintiff itself in satisfaction of an obligation to that company assumed by it when it took over the option held by the defendants. The admitted facts show a clear right in the plaintiff to recover, and the court should have given a peremptory instruction to the jury to find in its favor.

It follows, therefore, that the judgment of the circuit court complained of will be reversed, the verdict of the jury set aside, and the cause remanded for a new trial.

*Reversed and remanded.*