# CHARLESTON.

## H. C. ZOGG v. KERN OIL & GAS COMPANY.

Submitted May 8, 1923. Decided May 15, 1923.

1. ACCORD AND SATISFACTION—PAYMENT—*Proof of Payment or Accord and Satisfaction in Settlement of Services Rendered Adducible Under Plea of Non-Assumpsit.*

   In an action to recover money for services rendered, proof of payment or accord and satisfaction in full settlement of plaintiff's claim is adducible under the plea of non-assumpsit. (p. 20).

2. SAME—*Defendant in Action for Services Rendered Must Establish Actual Performance of Settlement Agreement.*

   In such an action, however, mere proof of the accord without the satisfaction is insufficient to bar recovery. So, where defendant seeks to show that by the terms of a settlement agreement plaintiff was to receive an interest in an oil and gas lease in satisfaction of his services, defendant must establish not only the executory contract to that effect, and his own will-

ingness to perform, but must show the actual performance of that agreement. (p. 20).

3. JUDGMENT—*Non Obstante Veredicto not Rendered Unless Merits as Disclosed by Pleadings Justify it.*

In a civil suit a judgment will not be rendered non obstante veredicto unless the merits of the case, as disclosed by the pleadings, justify such judgment. Where a conclusion as to the rights of the parties involves a consideration of the evidence, and the court comes to the conclusion that the jury's verdict is not supported thereby, a judgment non obstante veredicto will not be rendered, but a new trial will be granted upon motion of the party adversely affected by such verdict. (p. 21). ·

Error to Circuit Court, Kanawha County.

Action by H. C. Zogg against the Kern Oil & Gas Company. Judgment for defendant, and plaintiff brings error.

*Reversed and remanded.*

*Charles J. Van Fleet,* for plaintiff in error.

*Koontz & Hurlbutt* and *W. C. Revercomb,* for defendant in error.

MEREDITH, JUDGE:

This case is here on writ of error to a judgment for the defendant rendered by the circuit court of Kanawha County in an action of assumpsit to recover $864.81 for services rendered and expenses incurred while performing those services.

The declaration contains the common counts only, but a verified statement of account attached to, and made a part thereof, shows that plaintiff sues to recover the balance due him for services and necessary expenses accruing from July 28th to November 30, 1920, inclusive, after deducting certain credits for cash advanced to him during that period. His salary at the rate of $150 per month, and his expenses aggregated $1359.81, and the credits admitted in his statement amounted to $495, leaving a balance due of $864.81, the amount sued for.

Defendant pleaded non-assumpsit.

So confusing and inadequate is the evidence upon the amount of his salary, expenses, the advancements made to

him, and the other credits, that it would be futile for us to attempt to analyze with any assurance of accuracy the state of the account when plaintiff's employment terminated on November 30, 1920. Defendant in its brief would go so far as to deny the validity of any claim for services prior to October 15, 1920, the alleged date of defendant's organization, and would discredit the value of the services rendered thereafter. The record, however, shows no serious denial of the truth of plaintiff's account so far as the charges for services and expenses are concerned, and as the real ground of defense seems to be the settlement and satisfaction of accounts, the contention in the brief seems unsupportable.

Plaintiff was employed by one Goettman, who represented himself to be acting for the Kern Oil & Gas Company, as a sort of superintendent to look after certain operations in the Blue Creek oil field, especially a lease known in the record as the Duval lease. Plaintiff's account and his testimony, in addition to showing his salary, includes a list of expenses incurred by him in traveling back and forth from Charleston to the scene of these operations, also a list of the cash advanced him from time to time. The principal controversy of fact involves these cash credits. Defendant exhibited in evidence several cancelled checks which it claims should have been credited on account by plaintiff. Plaintiff acknowledged some of them as proper credits but apparently refused to credit three of them, one for $96.00, one for $150.00, and another for $400.00. Of the $400.00 check, $200.00 was admitted by defendant to have been paid on another transaction. Fortunately, we need not attempt to harmonize the positions of the parties or to settle their account. Defendant's position in the record is that the account has already been settled.

Goettman testified that about December 10, 1920, plaintiff was circulating reports that Goettman was heavily indebted to him, so on that date, he, Goettman, and Gatter, treasurer of defendant, called plaintiff into a conference in his office for the purpose of settling all accounts. These accounts covered not only plaintiff's relations with defendant, but certain personal transactions with Goettman. They

showed on that occasion, according to Goettman, that plaintiff owed him personally the sum of $79.00. This was settled by Goettman giving plaintiff a check for $96.00 and receiving in exchange plaintiff's note for $175.00. The account with the defendant company was squared by crediting plaintiff with a one-thirty-second interest in the company's Duval lease. This credit was, according to Goettman, in pursuance of the agreement which had existed for some time that plaintiff was to have such interest, at a valuation of $500.00. In plain legal language, defendant attempted to show that there had been an accord and satisfaction of plaintiff's claims to the amount of $500 and payment of the residue, based on a credit of the interest in the Duval lease and the cash already advanced, as agreed upon in the December meeting.

Plaintiff denied the settlement. He put a strange and entirely different construction on the $175.00 note transaction, and testified he was to have the interest in the lease in addition to his salary, and that his account was subject to no credit or offset, save the $495.00 cash credits.

In view of the conflicting statements, there is but one question for us to consider, that is, whether the defense of accord and satisfaction was properly in issue and proved. The record shows no instructions. We are left, therefore, to the pleadings and the evidence.

The pleadings are without doubt sufficient to warrant the defense. This is an action on a simple contract, and under the rules laid down by this court proof of payment or of accord and satisfaction of a disputed claim is admissible under the general issue. *Shore* v. *Powell,* 71 W. Va. 61, 76 S. E. 126; *Bank* v. *Kimberlands,* 16 W. Va. 555; Burks, Pl. & Pr. (2nd. ed.) §9; Hogg, Pl. & F. §§220-221.

But one question then remains; was the defense sufficiently established by proof? Viewing the evidence of defendant in its most favorable light, and disregarding the plaintiff's denials of a settlement we find that defendant made a parol agreement to assign to plaintiff a one-thirty-second interest in the Duval lease. No assignment was ever executed. There was nothing but the oral executory agreement, and the statement of Goettman in the record that plaintiff "could have

it on demand at any time", and could still have it. Clearly, this does not suffice as proof of an accord *and satisfaction.* There was no satisfaction, and "An accord without satisfaction is insufficient." *Eichelberger* v. *Mann*, 115 Va. 774; 80 S. E. 595; Burks, Pl. & Pr. (2d. ed.) §6. Nor is a tender of satisfaction sufficient. *Rorer Iron Co.* v. *Trout*, 83 Va. 397, 410, 2 S. E. 713; 1 C. J. "Accord & Satisfaction" §20, citing cases. There can be no doubt of the soundness of these principles or their application here. So, should we give defendant the full benefit of its evidence, the defense of the accord and satisfaction of plaintiff's claim by crediting him with the interest in the Duval lease, would be insufficient. This being true, the verdict based upon that evidence could not be sustained.

Plaintiff moved the court for a judgment *non obstante veredicto.* There is nothing in the pleadings to warrant such a judgment, and the motion was properly overruled. *Dunbar Tire and Rubber Company* v. *Crissey*, 92 W. Va. 419, 114 S. E. 804.

We reverse judgment, set aside the verdict and remand the case for a new trial.

*Reversed and remanded.*