JOHN BIELEC *v*. AGNIESZKA ROMANEK

(No. 7378)

Submitted February 28, 1933. Decided March 7, 1933.

(Rehearing denied June 1, 1933)

*Paul E. Bottome* and *J. W. Rickey,* for plaintiff in error.
*Martin Brown,* for defendant in error.

LITZ, JUDGE:

This is an action in assumpsit for the recovery of $2,500.00. The parties are brother and sister. The declaration contains the common counts. The bill of particulars, filed therewith, sets up a claim for money loaned by plaintiff to defendant in the sum of $1571.35, with interest thereon from December 6, 1926, amounting to $377.12. Defendant pleaded the general issue. Upon the trial, plaintiff introduced a check dated December 6, 1926, signed by W. B. Lea, Cashier, payable to the order of defendant in the sum of $1571.35, drawn at the instance of plaintiff on the Bank of Erie Trust Company, Erie,

Pennsylvania, and charged to his savings account. Plaintiff adduced further evidence tending to prove that the money received by defendant under the check was a loan from himself to her. The defendant offered to prove substantially that the check was not a loan but payment of a past indebtedness due her by him. This evidence was rejected, as being inadmissable under the general issue, because of section 4, article 5, chapter 56, Code 1931, which provides: "In a suit for any debt, the defendant may at the trial have allowed against such debt any payment or set-off which is so described in his plea, or in an account filed therewith, so as to give plaintiff notice of its nature, but not otherwise." The statute, as appears on its face, requires a special plea or an account with a general plea only in case of set-off or partial payment. "In an action on contract, proof or mere general payment, or of accord and satisfaction of a disputed claim, is admissible under the general issue without specification." *Shore* v. *Powell,* 71 W. Va. 61, 76 S. E. 126. The issue, substantially, was whether the check had been given as a loan or in payment of a past indebtedness and did not involve partial payment or set-off. After denying defendant the right to thus present her defense, the trial court directed a verdict for plaintiff.

Counsel for plaintiff intimate that the testimony rejected was not sufficient to prove the proposed defense. The answer to this contention is that the refusal of the trial court to admit evidence upon a valid theory of the case may be taken advantage of by the proponent, without offering further proof. *State* v. *Whitt,* 100 W. Va. 42, 129 S. E. 764.

The judgment complained of is, therefore, reversed, the verdict set aside, and a new trial awarded.

*Reversed; verdict set aside; new trial awarded.*