# CHARLESTON

## Ridgeley v. Town of West Fairmont.

### Submitted January 30, 1899—Decided April 15, 1899.

1. Trespass on the Case—*Pleading—Municipal Corporations—Change of Grade—Release.*

   In an action of trespass on the case for damage to a lot situated in a town by reason of change of the grade in front of it, the defendant may show, under the general issue, that the plaintiff agreed, at the time the grade was being changed, that, if defendant laid a sewer through his lot to a point indicated by him, he would claim no damage by reason of such change, and may also show that said sewer was constructed in accordance with the agreement, and accepted by the plaintiff.  (p. 449).

2. Trespass on the Case—*Pleading—Evidence—Release.*

   In an action of trespass on the case to recover damage of the character asserted in this case, the defendant may give in evidence, under the general issue, a release, or accord and satisfaction, or whatever would, in equity and good conscience, according to the existing circumstances, preclude the plaintiff from recovering, as any matters which operate a discharge of the cause of action or any justification or excuse. By this plea, all the material averments of the declaration are put in issue. (p. 447.)

Error to Circuit Court Marion County.

Action by William Ridgeley against the town of West Fairmont. Judgment for plaintiff. Defendant brings error.

*Reversed.*

E. M. Showalter, for plaintiff in error.

W. S. Meredith and F. T. Martin, for defendant in error.

English, Judge:

This was an action of trespass on the case brought by William Ridgeley against West Fairmont, a municipal corporation, in the circuit court of Marion County. The facts upon which the suit is predicated, as appears from the

pleadings, are that the plaintiff was the owner of about one acre of land, except the coal underlying the same, which fronted on the public highway, known, in 1892, as the "Fairmont and Weston Turnpike," on which was situated a two story frame dwelling house, and a two story frame store house jointly, both of which buildings stood near said turnpike. Subsequently plaintiff erected on said land another two story frame building used for a dwelling and store house combined. Said buildings were erected and used in conformity with the grade of said Fairmont and Weston Turnpike, as it existed at the time they were built, and in December, 1892, a part of the territory of Fairmont district was incorporated, and became a municipal corporation, under the name of "West Fairmont"; and in 1892 said corporation established all that part of the Fairmont and Weston turnpike lying within its limits, including that part adjacent to said land, as one of its streets, and called it "Main Street," or "Locust Avenue," and in September, 1894, changed the grade and raised the surface of said street in front of, and adjacent to, said plaintiff's property, by filling the same with dirt, gravel, stone, etc., and without his consent, and against his protestations, raised the grade, fifty-six inches higher than it was when plaintiff became the owner of said property and the houses thereon; and the plaintiff claims that he is damaged by the drainage of water on his lot caused by the change of grade, and that he is thereby deprived of all safe, commodious, and convenient egress and ingress from and to said land, and the houses thereon; and, by reason of said wrongs and injuries, he claimed five thousand dollars damages. On the 28th of November, 1896, the defendant demurred to the plaintiff's declaration, which demurrer was overruled. The defendant pleaded not guilty, and on the 16th of March, 1897, the case was submitted to a jury, and, after several adjournments, they returned a verdict for the plaintiff for five hundred dollars. The defendant moved the court to set aside the verdict, and grant it a new trial, on the ground that the verdict was contrary to the evidence and the law, and because the court gave to the jury certain instructions at the instance of the plaintiff, which were objected to by the defendant, and refused certain instructions asked for by the defendant, and because the court excluded certain

evidence offered by. the defendant, which, if admitted, would have produced a different verdict. This motion was overruled, the defendant excepted, and judgment was renered upon the verdict. The defendant took several bills of exception, and obtained this writ of error.

It is claimed by counsel for the plaintiff in error that the court erred in overruling the demurrer interposed by the defendant, insisting in his brief that the action, being, in substance, *ex contractu*, it should have been brought in *assumpsit*. The damage complained of in this case, however, was indirect, and, as I understand it, trespass on the case, in an action of this character, is not only proper, but the one uniformly resorted to, in cases of the kind. See *Hutchinson* v. *City of Parkersburg*, 25 W. Va. 226; *Johnson* v. *Parkersburg*, 16 W. Va. 402; *Blair* v. *City of Charleston*, 43 W. Va. 62, (26 S. E. 341,)—all cases similar, in many respects, to the one at bar, in which the action was trespass on the case. The gravamen of the plaintiff's declaration appears to be that, without the consent of the plaintiff, the defendant has raised the grade of the street in front of his property, so that surface water is thrown upon plaintiff's lot, which, with the buildings on it, is thereby damaged without the plaintiff's consent, and he is thereby deprived of all safe, commodious, convenient, and proper ingress and egress to and from said land. Now, while it is true that, where the defendant seeks to confess and avoid in trespass, a special plea is required, in the case at bar the plaintiff avers in his declaration that the grade was changed in front of his property, and the injury complained of resulted therefrom, without his consent, and under the general issue, surely, the defendant might be permitted to show that the grade was raised with his consent, especially when he was paid a consideration for it. As to the evidence which may be given under the general issue in an action on the case, Hogg, in his valuable work on Pleading and Forms (184), says: "The general issue, as we have seen, in actions *ex delicto*, is that of not guilty;" giving the form of the plea, and adding: "Under which may be given in evidence a former recovery, release or accord and satisfaction, or whatever would, in equity and good conscience, according to existing circumstances, preclude the plaintiff from recovering, as any matters which operate a discharge of

the cause of action, or any justification or excuse. By this plea, all the material averments of the declaration are put in issue,"—citing 1 Chit. Pl. 490. The same strictness in pleading does not obtain in trespass on the case as in trespass. The law is stated thus in 18 Am. & Eng. Enc. Law, 534: "At common law, the general issue not guilty is in form a traverse or denial of the facts which form the subject of complaint. On principle the evidence admissible under it should be confined to matters of defense which rest in denial. But, by gradual relaxation of the practice similar to that which occurred in assumpsit, evidence came to be received, not only of matters in denial, but of defenses by way of confession and avoidance. There is therefore an essential difference between actions of tres pass and on the case. The former or *stricti juris*, and accordingly a former recovery, release, or satisfaction cannot be given in evidence under the general issue, but must be specially pleaded. But the latter are founded on the mere justice and conscience of the plaintiff's case, and are in the nature of a bill in equity, and in effect are so, and therefore a former recovery, release, or satisfaction need not be pleaded, but may be given in evidence under the general issue. On the general issue, the plaintiff is put to the proof of his whole case, and the defendant may give in evidence any justification or excuse of it. Thus, a license which in trespass must be pleaded may in case be given in evidence under 'not guilty.' " To the same effect, see Andrew, Steph. Pl. 238, section 118; also opinion of Lord Mansfield in *Bird* v. *Randall*, 3 Burrows, 1353, in which he asserts the doctrine above announced, and draws the distinction between trespass and trespass on the case. See, also, 1 Bart. Law Prac. 503; *Greenwalt* v. *Horner*, 6 Serg. & R. 77. So, also, in *Hills* v. *Railroad Co.* 18 N. H. 179, it is held: "In an action on the case for an injury to the plaintiff's land, it is not necessary to plead specially. Evidence that the acts complained of were done by the permission of the plaintiff is admissible under the general issue, and *a fortiori* that they were done at the request and by the direction of the plaintiff." Authorities might be multiplied in support of this proposition, but these are sufficient to show the trend and weight of authority on the question.

Bill of exceptions No. 10, taken by defendant, shows that he offered to prove by several witnesses that, at the time the improvement was made in front of this property, the plaintiff agreed that, if they would put in tiling from the end of the culvert on the side of the street nearest his property to a point near his dwelling house, which was said to contain fourteen rooms, he would take that in consideration of all damages by said improvement to his property, and that defendant put in said tiling according to contract; which evidence was objected to by the plaintiff, and excluded by the court. It is presumed this ruling of the court was based on the supposition that this evidence was not admissible under the general issue. Counsel for the defendant in error insist that it would have been error to permit this evidence to go to the jury, because there was no such defense set up by special plea, and it could not be shown under the general issue. We have, however, discussed this point above, and hold that the evidence was admissible under the general issue, and the court erred in excluding it, to the prejudice of the defendant.

Bill of exceptions No. 7 also shows that the defendant asked a witness to state what, if anything, the plaintiff said, at the time the work was being done, about the town putting a sewer through his property as a compensation for damages. This question was objected to by plaintiff's counsel, and excluded by the court; which ruling was erroneous, for the reasons above stated. The case of *Pifer* v. *Brown*, 43 W. Va. 412, (27 S. E. 399), relied on by counsel for defendant in error, does not apply to this case, as the question of license does not arise in it.

It appears from the testimony that one of the witnesses by whom the defendant offered to prove that the plaintiff agreed that, if the town would put in certain tiling from the end of the culvert to a point near his dwelling, he would take that in consideration of all damages, was mayor of the town when the grade was changed, another was a councilman, and a third the civil engineer who changed the grade; and if defendant had been allowed to show, as we think he had a right to do, that the plaintiff agreed in consideration of said sewer being put down as indicated by him, which was really done, he would claim no damage, the result of the case might have been quite different.

The plaintiff asks the court to instruct the jury that "the opinions of witnesses as to the value of property before and after a change in the street grade are admissible in evidence in actions against municipal corporations for damages flowing from such change; and the jury, in considering such opinions, should also consider the personal interests and prejudices of the witnesses, the facts and circumstances upon which they base their opinion, in order that the jury may determine for themselves whether or not the conclusions and the opinions of the witnesses are correct." This instruction should have been rejected, because it assumes that the witnesses referred to have personal interests and prejudices, which assumption is not supported by the testimony.

The defendant, by its counsel, asked the court to instruct the jury that the general benefits arising from an improvement like the one mentioned,—the grading and paving of a public road or street,—is that benefit every one may enjoy,—the right to use or pass over the same,—and the enhancement in value along and near such improvement is to be considered as a special benefit to the owners of said property. This instruction the court refused to give, —why, does not appear. It accords with the ruling in the case of *Blair* v. *City of Charleston*, 43 W. Va. 62, (26 S. E. 341), in which it was held: "The question is one of damage, less special, but not less general, benefit;" so that, in order that the jury might properly consider the question of damage to this property, it was proper that the court should instruct them as to the difference between general and special benefits, and the instruction should have been given.

The court also erred in allowing the witness Fourtney to fix the damage to the plaintiff's property by reason of the change of grade at one thousand dollars, based on the use of said property for a particular purpose, when the true rule of ascertaining the damage in a case of this character is stated in *Blair* v. *City of Charleston, supra.*

My conclusion is that the circuit court erred to the prejudice of the defendant in the rulings above indicated. The judgment complained of is reversed, the verdict set aside, and a new trial awarded.

*Reversed.*