# CHARLESTON.

MUSTARD v. BIG CREEK DEVELOPMENT COMPANY.

Submitted January 17, 1911.    Decided November 14, 1911.

1    QUIETING TITLE—*Pleading—Possession of Plaintiff.*
    A bill to remove a cloud, by one claiming under a deed subsequent in date to that of a lease for oil and gas, covering the

same land, and under which defendant claims, but alleging superior equitable title under a contract or title bond, prior in date to such lease, presents a good case, on demurrer, for equitable cognizance, regardless of the question of actual possession by complainant.   (p. 715).

2.   PRINCIPAL AND AGENT—*Ratification of Contract—Acceptance of Benefits.*
     Where the owner of the equitable title to land by an executory contract or title bond, authorizes his vendor, to renew a prior lease for oil and gas covering the larger tract, of which his land is a part, he thereby constitutes his vendor his agent to contract for such lease, and by accepting, through his agent, his share of rental or commutation money, accruing under such lease, he thereby ratifies the same, concluding and estopping him from thereafter setting up title to his land in hostility to that of such lessee, and the statute of frauds is no defense to the rights and claims of such lessee.   (p. 716).

3.   BROKERS—*Employment—Necessity for Writing.*
     The authority of an agent to sell or lease land need not be in writing.   (p. 716).

4.   FRAUDS, STATUTE OF—*Sufficiency of Memorandum—Lease by Agent.*
     If an agent verbally authorized to lease land, execute a lease thereon, such lease if not good under the statute of frauds, as the deed of his principal, will be treated as a good memorandum or contract for a lease, binding the principal, and the statute of frauds is no defense to the rights of such lessee under the contract.   (p. 717).

Appeal from Circuit Court, Cabell County.

Bill in equity by W. L. Mustard against the Big Creek Development Company.   From a decree dismissing the bill, plaintiff appeals.

*Affirmed.* ¹

*Neal & Strickling,* for appellant.

*W. R. Thompson* and *F. C. Leftwich,* for appellee.

MILLER, JUDGE:

On grounds alleged, and according to the prayer of his bill, plaintiff and appellant, sought to have cancelled and annulled, as a cloud on his right and title to the oil and gas, in and under 51.8 acres, within the boundary thereof, a certain lease of 253

acres, dated September 8, 1906, from Oliver Hill and wife to C. H. Freeman.

The demurrer to the bill was overruled; but on final hearing on bill, answer and proofs taken, the plaintiff was denied relief, and his bill dismissed.

Plaintiff claims title to the oil and gas under the 51.8 acres, under a deed from W. J. Vickers and wife, to the Hyman Gas and Oil Co., a corporation. This deed in consideration of $6,000.00, in hand paid, purports to convey unto the grantee, with general warranty, all the oil and gas in and under said 51.8 acres; with the further provision, that whenever the settled production from said land shall reach seventy-five barrels per day of twenty-four hours, the grantee shall pay to Vickers, an additional sum of $6,000.00, and that until then said company shall pay to him, every three months, a sum equal to six per cent, on said $6,000.00, a vendor's lien being retained on said property to secure the payment of said six thousand dollars. This deed refers for description of the land to a deed from Oliver Hill and wife to said Vickers, dated May 4, 1908, reciting that it is the same tract described in an agreement, between said Hill and Vickers, to convey said land to the latter, of April 2, 1906, and pursuant to which the deed of May 4, 1908, had been made and executed. Mustard obtained his title to the property by deed from the Hyman Gas and Oil Co., of March 22, 1909.

On the demurrer appellees contend that actual possession by the appellant, necessary to maintain a bill to remove cloud, is not alleged, and that plaintiff's remedy, if any, is complete at law. Regardless of the question of possession, we are of opinion that a court of equity has jurisdiction to grant the relief prayed for. It is alleged that the deed under which the plaintiff claims is subsequent in date to that of the lease under which the Big Creek Development Company claims, and the equitable grounds of relief alleged against the Big Creek Development Co. would not be available in a court of law. The bill alleges, in effect, that although the lease under which said Development Company claims, is prior in date to the deed from Vickers to the Hyman Gas & Oil Co., it is nevertheless subsequent in date to the contract or title bond from Hill and wife to Vickers, referred to,

and of which, it is also alleged, both Freeman, the immediate lessee, and his grantee or assignee, the Big Creek Development Co., at the time Freeman took said lease, had due notice; and that they took said lease subject to the prior and superior rights of Vickers, and of his grantee, under the title bond. The allegations of these facts we think presents a case clearly cognizable in a court of equity.

On the merits, it is sufficiently alleged in the answer of appellee, the Big Creek Development Company, by way of defense, and fully proven, that in July, 1906, at the time of, and before the execution by Hill and wife to Freeman, of the lease dated September 8, 1906, Vickers, who held the title bond from Hill, for the 51.8 acres, was called in and consulted in relation to the execution of said lease, and as he admits in his testimony, although he says he was not asked to sign the lease, that he then knew Freeman had a prior lease, not expired, on the same property, and prior in time to his title bond, and that he then and there agreed, that Hill who still held the legal title to the land, should make and execute the new lease to Freeman, covering the whole tract, and he admits also to have received, through Hill, his share of the rental or commutation money, for the first year, provided for in the lease.

On this state of the pleadings and proofs the question is, is Vickers, or Mustard, with notice of the part Vickers took in the execution of the lease to Freeman, bound by that lease, and concluded or estopped from setting up title in hostility to that of the Big Creek Development Company?

Mustard, in his bill, pleads and relies on the statute of frauds, in denial of the rights of appellee, under the lease of September 8, 1906. Many authorities are cited by counsel for the proposition, that the statute of frauds is available to one having only equitable title to land. We hold, however, that by the part Vickers took in the transaction he made Hill, his father-in-law, holding the legal title, his agent, to lease the land as a whole tract for and on behalf of himself and Vickers, and that he afterwards ratified the act of his agent, by accepting, through him, his share of the rentals or commutation money, thereby taking the case from under the ban of the statute. Numerous decisions of this and other courts unite in holding, that the authority of

an agent to sell or lease land need not be in writing, and that the agent may bind his principal, either by signing his own name or that of the principal. *Kennedy* v. *Ehlen,* 31 W. Va. 540; *Conaway & Smith* v. *Sweeney,* 24 W. Va. 643; *Campbell* v. *Fetterman,* 20 W. Va. 399; *Smith* v. *Tate,* 82 Va. 664; Minor on Real Property, sec. 1289, p. 1422; *Davis* v. *Gordon,* 87 Va. 579, 580, 13 S. E. 35; *Brown* v. *Brown,* 77 Va. 619; *Yerby* v. *Grigsby,* 9 Leigh 387; *Johnson* v. *Somers,* 1 Humph. (Tenn.) 269; *Armstrong* v. *Maryland Coal Co.,* 67 W. Va. 589, 69 S. E. 195.

True, power can not be conferred on an agent to execute a deed conveying land, except by a writing of the same dignity; but there is high authority for holding, as we do, that where an agent, though verbally empowered to sell, attempts to convey land by deed, such deed will be treated as a good memorandum or contract, binding the vendor to convey the land. *Hersey* v. *Lambert,* (Minn.) 52 N. W. 963; *Henry* v. *Root,* 33 N. Y. 526, 550; *Blacknall* v. *Parish,* 78 Am. Dec. 239, 6 Jones Eq. 70. So, whether or not we regard the deed of lease from Hill to Freeman a good conveyance of the equitable title of Vickers, it is good as a contract of sale by Vickers' agent, under the statute of frauds, for his equitable title, binding him and his grantees, and supporting the decree below, denying relief, and which decree we are of opinion should be affirmed.

*Affirmed.*