# CHARLESTON.

Castle Brook Carbon Black Co. v. Ferrell *et al.*

Submitted May 4, 1915.   Decided May 25, 1915.

1. Mines and Minerals—*Oil and Gas Lease—Quieting Title—Parties —Suit by Assignee.*

   In a suit by the assignee of an ordinary oil and gas lease, brought to quiet his title and to enjoin the lessors from executing a second lease on the same land, it is not necessary to make the assignor a party, if it appears that the assignment is absolute and unconditional.  (p. 302).

2. Same—*Oil and Gas Lease—Forfeiture Clause—Application.*

   A clause in an oil and gas lease, stipulating "that the failure to complete a well upon the said premises within the time herein specified or to pay the rentals at the time and in the manner herein provided shall ipso facto work a forfeiture of this lease without notice," held to relate only to rentals provided to be paid for delay in drilling, and not to rentals or royalties to be paid for a producing gas well.  (p. 302).

3. Quieting Title—*Pleading and Relief—Forfeiture.*

   A bill, although brought primarily to obtain relief from a forfeiture, may, if no forfeiture has occurred, be treated as a bill to quiet title, if it contain sufficient averments to entitle plaintiff to such relief and there is a prayer for general relief.  (p. 304).

4. Injunction—*Oil and Gas Lease—Cloud on Holder's Title.*

   Equity may, at the siut of the holder of a valid oil and gas lease, whose rights have become vested by the production of oil or gas, enjoin the lessor from creating a cloud on his title by executing to a stranger another lease on the same property, if it is made to appear with reasonable certainty such cloud will be created unless judicially prohibited.  (p. 304).

5. Quieting Title—*Possession by Plaintiff—Pleading.*

   In a suit to quiet title, possession by plaintiff is indispensable, but it need not be averred in terms; it is sufficient if the facts averred show plaintiff to be in possession.  (p. 305).

Appeal from Circuit Court, Logan County.

Suit by the Castle Brook Carbon Black Company against O. F. Ferrell and others.  From decree for defendants, plaintiff appeals.

*Reversed and remanded.*

*Chafin & Bland* and *Williams, Scott & Lovett,* for appellant.

*Pendleton L. Williams* and *Daugherty & Riggs,* for appellees.

WILLIAMS, JUDGE:

On the 5th of August, 1907, O. F. Ferrell and wife executed to the Brammer Oil & Gas Company an oil and gas lease upon 214 acres of land in Logan county. That company made an absolute assignment of the lease to the Castle Brook Carbon Black Company, the plaintiff, on the 19th of May, 1913. A paying gas well was drilled on the land in the year 1910, and plaintiff has been using the product therefrom in the manufacture of carbon black, and has paid regularly the gas royalties therefor, which the lease stipulates shall be $50 for each three months in advance, for each and every gas well from which the product is marketed and used off the premises, until the payment which became due on February 5, 1914. That payment plaintiff admits it failed to pay for a period of sixteen days, and alleges that its failure to make prompt payment, in that instance, was due to the serious illness and subsequent death of its president and to the illness of its secretary-treasurer, who were its active managers charged with the duty of paying the royalties. Plaintiff deposited the $50, due on the 5th of February, on the 21st of the same month in the Guyan Valley Bank, to the credit of the lessors, as the lease provided might be done, but the lessors refused to accept it, claiming that, by failure to pay promptly on the day it was due a forfeiture of the lease had occurred. Shortly thereafter the lessors executed an option· for a lease upon the same land to one William Shipe, the said Shipe agreeing with them that, in case of litigation between them and this plaintiff, he would assume the charge and burden thereof. On the 8th of April, 1914, the lessors instituted an action of unlawful detainer, in a justice's court, to recover possession from plaintiff, and it, thereupon, brought this suit in equity, praying to be relieved from the forfeiture, if such there is, and that the lessors be enjoined from further prosecuting their action to recover possession, and also for

general relief. A temporary injunction was awarded, which was later dissolved by decree entered on the 23rd of July, 1914, reciting that the cause was heard upon the bill and exhibits filed therewith, the motion of defendants to dissolve the injunction and upon demurrer to the bill and joinder therein by plaintiff. The decree also sustained the demurrer and, the plaintiff declining to amend, dismissed its bill; and it has appealed.

The foregoing facts, averred in the bill and shown by the exhibits, are taken as true, there being no denial of them.

Counsel for appellees insist that the bill was properly dismissed for a number of reasons, one of which is the failure to make plaintiff's assignor, the Brammer Oil & Gas Company, a party. It appears that the assignment to plaintiff was of all the interest and right the Brammer Oil & Gas Company had acquired under the lease, and that it was absolute and unconditional. No relief was asked for against it, and none could have been given. It could have had no interest in, nor could it have been affected by any decree that could properly have been made in the cause. Hence there was no reason why it should have been made a party to the bill, and it was properly omitted therefrom. While, as a general rule, it is necessary to make the assignor a party to a suit in which the rights of the assignee are to be adjudicated, the present case falls under a well recognized exception to that rule. "When the assignment is absolute and unconditional, leaving no equitable interest whatever in the assignor, and the extent and validity of the assignment is neither doubted nor denied, and there is no remaining liability in the assignor to be affected by the decree, it is not necessary to make the assignor a party." *Vance* v. *Evans et al.*, 11 W. Va. 342. To the same effect are the following decisions; *James River & Kanawha Co.* v. *Littlejohn*, 18 Grat. 53, which qualifies and limits the application of the broad rule asserted in the earlier case of *Corbin* v. *Emmerson*, 10 Leigh 663; *Omohundro* v. *Henson et al.*, 26 Grat. 511; and *Scott* v. *Ludington*, 14 W. Va. 387.

The lease was to be in force for a term of ten years and as long thereafter as either oil or gas was produced. The lessee covenanted to deliver in the pipe line, to the credit of the lessor, one-eighth of the oil, and to pay fifty dollars each three

months, in advance, for each gas well, the product from which is marketed or used off the premises; and also covenanted to complete a well within ninety days from the date of the lease, or pay at the rate of $1.00 per acre per annum, quarterly in advance, for each additional three months such completion is delayed. The lease contained this stipulation: "It is expressly understood and agreed that the failure to complete a well upon the said premises within the time herein specified or to pay the rentals at the time and in the manner herein provided shall ipso facto work a forfeiture of this lease without notice, proceeding or action, and in event of such forfeiture the party of the second part binds itself, its successors and assigns to execute a proper release of this instrument at its own cost and expense." Under that clause appellees claim the failure, for sixteen days, to pay the royalty on the producing well, due on the 5th of February, 1914, produced a forfeiture of the lease. This is true, if the clause quoted applies to the royalty payable for a producing well, as well as to rentals for delay in drilling. But we do not think the contracting parties intended it to be so applied. The principal thing contemplated was development, and the forfeiture clause was intended as a protection to the lessor against the lessee's holding the property and refusing to drill a well, or to pay the delay rental, which is the only compensation provided for failure to drill; and, in order to insure compliance with one or the other of those alternative provisions, a forfeiture of the lessee's right to make further exploration was provided. That provision is for the sole benefit of the lessor, and is an offset to another provision, made for the benefit of the lessee, permitting him to surrender the lease at any time on payment to the lessor of one dollar. The term *rental*, used in the forefeiture clause, does not embrace royalty provided to be paid quarterly on a producing well. After discovery of oil or gas the lessee's interest in the mineral becomes vested, and although, technically, it may not be an estate in the mineral in place, it is an interest of equal dignity therewith, for it gives the lessee the right to extract all of it from the ground and dispose of it; and the lessor's right of action for unpaid royalty on a producing well affords him a more certain remedy than he has for delay rentals, pay-

ment of which was optional. The terms of the forfeiture clause and their arrangement and relation to each other show that the contracting parties intended it to apply only in case of failure to pay delay rentals; it couples the term *rentals* with the provision respecting the completion of a well within the time agreed on, and provides that the failure to do either one of those things shall work a forfeiture. That the one dollar per acre, to be paid quarterly for delay in drilling, was treated by the parties as rental, is shown by another clause in the lease, preceding the one quoted, in which it is stipulated that the completion of a well shall operate "as a full liquidation of all rental under this provision during the remainder of the term of this lease." Royalty is the term usually applied to money paid for a producing gas well. There is no forfeiture of the lease for failure to pay the royalty on the gas well, strictly within the time provided, hence the bill fails to show a cause entitling plaintiff to relief in equity on the ground that its lease is forfeited.

But may not the bill be maintained as one to quiet title? It avers that the lessors have, in disregard of plaintiff's right, executed an option for a lease to one William Shipe, and have also instituted an action of unlawful detainer before a justice of the peace to recover possession. This shows that the lessors are asserting a claim adverse to plaintiff's leasehold estate, or vested right to convert and dispose of a material part of the realty; and that they manifest a determined purpose to execute another lease on the same land which, when executed, will unmistakably constitute a cloud on plaintiff's title. Why, therefore, may not a court of equity exercise its power to prevent such a wrong? We see no good reason why it may not. That equity has jurisdiction to determine the rights of conflicting claimants claiming the same property under separate leases from the same lessor, is well settled by previous decisions of this court. *Peterson* v. *Hall*, 57 W. Va. 535; *Mustard* v. *Development Co.*, 69 W. Va. 713; and *Pyle* v. *Henderson*, 55 W. Va. 122. There is, therefore, no doubt of equity jurisdiction to cancel an oil and gas lease, as a cloud on the title of the holder of a superior oil and gas lease on the same land, made by the same lessor or his privy

in estate. Having jurisdiction for that purpose, we think it likewise can enjoin the commission of an act which, when committed, will constitute a cloud, if it is made to appear with reasonable certainty that such act will be committed if not prevented. This court has twice before held, first in *Moore* v. *McNutt*, 41 W. Va. 695, and again in *Iguano Land & Mining Co.* v. *Jones*, 65 W. Va. 59, that: "Equity will grant relief by way of enjoining the commission of such acts as will constitute, when completed, a cloud upon title, in all cases where it would have jurisdiction to remove the cloud created by the completion of the acts which are sought to be enjoined." Although the mere option executed to Shipe by the lessors may not of itself amount to a cloud on plaintiff's title, yet it may ripen into one, and that fact, taken in connection with the pendency of the action of unlawful detainer brought by the lessors, shows they are claiming adverse to plaintiff's lease, and it is entitled to be quieted in the enjoyment of its right, and to have the lessors enjoined from carrying out their purpose to execute another lease and thereby create a cloud upon its title.

But it is claimed that the bill is not good as one to quiet title because of failure to aver possession by plaintiff. It does not in terms do so, but the fact of plaintiff's possession appears from other averments, and that is sufficient. Plaintiff avers that, ever since it acquired the lease from the Brammer Oil & Gas Company, it has been making use of the gas from the Ferrell well in the manufacture of carbon black and has paid promptly, in advance, all the quarterly royalties, except in the one particular instance; it also avers that the lessors had brought an action of unlawful detainer against it to recover the possession. These averments, undenied, are sufficient to show plaintiff's possession.

Having determined that no forfeiture of the lease had occurred, it becomes unnecessary to decide the question presented in brief of counsel for defendants, whether the plaintiff in its bill should have admitted the forfeiture in order to obtain relief therefrom.

The decree is reversed, and an order will be entered here overruling the demurrer to the bill and remanding the cause

with leave to defendants to answer, and for further proceedings.

                                        · *Reversed and remanded.*