# CHARLESTON.

## L. Schwartz v. J. P. Clark.

Submitted April 13, 1920.    Decided April 20, 1920.

1. Accord and Satisfaction—*Corporations—Release of Pledges of Stock Admissible Under General Replication to Special Plea of Nonpayment.*

   In an action of detinue to recover a certificate of stock pledged to secure payment of a debt, in which the pledge and non-payment of the debt are relied upon by way of defense, in a special plea, proof of a release of the pledge, or a discharge thereof by an accord and satisfaction, is admissible under the issue made by a general replication to the special plea. (p. 246).

2. Pledges—*Owner Lending Property for Use as Security Held to Have Ratified Unauthorized Pledge.*

   A very slight departure from an authority given to pledge property loaned for use as security, acquiesced in by the lender thereof, after knowledge of such departure, amounts to a ratification of the pledgor's act. (p. 246).

3. Appeal and Error—*Instructions Without Basis in Evidence Prejudicial Where Jury Could Find for Either Party.*

   The giving of instructions having no basis or foundation in the evidence, in a case in which the jury might have found an unimpeachable verdict for either party, upon a basic issue made, is reversible error. (p. 248).

Error to Circuit Court, Kanawha County.

Action of detinue by L. Schwartz against J. P. Clark. Judgment for plaintiff, and defendant brings error.

*Reversed, and cause remanded for new trial.*

*S. B. Avis,* for plaintiff in error.
*D. L. Salisbury,* for defendant in error.

Poffenbarger, Judge:

This writ of error goes to a judgment for the plaintiff in an action of detinue for recovery of possession of a certificate representing $2,000.00 of the capital stock of a corporation, held by the defendant as a pledge to secure payment of a note for

$600.00, based upon the theories of invalidity of the pledge and payment, satisfaction or discharge of the debt. On the general issue raised by a proper plea and another made on a special plea setting up the pledge and the circumstances attendant thereon, a trial by jury was had, resulting in a verdict on which the judgment stands.

The pledge was not made directly by the plaintiff, nor to secure any debt of his. His wife had a tenant in her building, named H. F. Schmidt, who was using in it a lot of pool-room fixtures belonging to J. P. Clark, the defendant, as well as some furniture belonging to himself or his wife. Clark had bought the fixtures in the building from one Phillips. He and the plaintiff and Schmidt worked out a scheme under which he sold the fixtures to Schmidt's wife for $2,500.00, of which $600.00 was to be in cash or its equivalent and the balance deferred in $100.00 monthly payments, secured by a deed of trust on the property. Instead of paying the $600.00, Schmidt gave Clark his four months note for that amount and delivered to him the certificate of stock as security, which Schwartz had delivered to Schmidt, assigned in blank, to use as security, but with the understanding, he claims, that it was to be so used at a certain bank or to secure a loan from a certain individual. He says Schmidt delivered it to Clark, without his knowledge or consent, but he acquiesced in the transaction, after having obtained knowledge thereof. When asked whether he had made any objection, he said: "I didn't make any objection, I said I didn't like it; I would rather do business through a bank." Before the $600.00 note became due, Schmidt began to default as to the rent due the plaintiff's wife, the lien for which had priority over Clark's deed of trust, and a distress warrant was sued out in the name of Schwartz or his wife, under which the property of the tenant was sold to Clark, for the sum of $476.00, the amount necessary to pay the rent and the costs made in the proceeding. The plaintiff and his attorney swear this procedure was taken at the instance of Clark, who lacked confidence in Schmidt and wanted his money, and that they understood Clark was to make all of his money, including the $600.00 represented by the note, out of the property so purchased by him. He denies

this, saying he purchased it, without any such understanding, merely to protect himself. Schmidt, according to his testimony, had paid him only $300.00 which he had applied on notes representing deferred payments, and he sold the property to John B. Crowley for $2,076.00, but refunded to Crowley $86.00, under their agreement, wherefore the amount actually realized from it was $1,990.00, just $86.00 less than the aggregate of the money paid for the property, at the constable's sale, and the unpaid notes secured by the deed of trust.

Objections were interposed to the introduction of the evidence relied upon to prove a release of the pledge or discharge thereof by payment, conduct or accord and satisfaction, on the ground of alleged lack of an issue as to such discharge, made by the pleadings, which the court overruled. There was a general replication to the special plea, but no special replication in the nature of a plea of confession and avoidance. Full or general payment before suit brought, or a discharge by an accord and satisfaction, may be proved under the general issue, without description thereof in a bill of particulars, when it is matter of defense. *Shanklin* v. *Crisamore,* 4 W. Va. 134; *M. & M. Bank* v. *Evans and Dorsey,* 9 W. Va. 373; *Morgantown Bank* v. *Foster,* 35 W. Va. 357; *Ridgley* v. *West Fairmont,* 46 W. Va. 445. Here it is relied upon by the plaintiff in avoidance of the affirmative plea of the defendant, or defense to his affirmative defense. Since it performs virtually the same function in each case, no reason for requiring it to be set up by a special replication, is perceived. It could have been so interposed, but the plaintiff was not bound to resort to that method. The objections to evidence on the ground of lack of a special replication were properly overruled.

In view of the plaintiff's acquiescence in the departure from directions given by him for the pledge of the certificate, he seems not to have relied upon it, in the submission of the case to the jury, for all of the specific instructions given for him, over objections of the defendant, pertain to the other ground of action, termination of the pledge by satisfaction or discharge of the debt. However that may be, we are of the opinion that his acquiescence after knowledge of the transaction was a waiver of

the departure. As he had loaned the stock for use as collateral, the departure was not very material anyhow.

Although the evidence of the plaintiff and another witness introduced by him is not as definite and specific as to any agreement between the former and the defendant, that Clark was to make all of the indebtedness due him from Schmidt, out of the property purchased by him at the constable's sale, such is its clear import. Schwartz and Kimbrough both say he was the moving cause of the issuance and levy of the distress warrant and the sale. They say he urged and importuned them to proceed against the property. Both say he had in view a man or men to whom he intended to resell the fixtures, with the understanding that his man should become Mrs. Schwartz's tenant and continue the business in her building, an arrangement that could not be made without her consent. Both say he discussed the plan with them before the distress procedure began. Schwartz says Clark told him all he wanted was his money back, to which he replied that he only wanted his rent and his stock back. Schwartz apparently did not know the amount of Schmidt's indebtedness to Clark, nor the exact character of the part of it for which his stock was pledged. He was not present when the deal between them was closed. He says he understood Schmidt had bought the property from Clark for $1,600.00 to $1,800.00, and that he owed him at the date of the constable's sale $1,700.00. Kimbrough who represented Schwartz in the transaction swears the sale was made at the instance of Clark and for the purpose of raising enough money to satisfy both him and Schwartz, and that he, Clark, had represented to him that $2,000.00, the amount for which he was to resell it, would be sufficient. He says further the arrangement was that Clark was to bid it in and nobody was to bid against him. He admits he had no knowledge of any specific agreement to surrender the certificate and that the $600.00 note was not mentioned, but he is positive in his assertion that both he and Schwartz proceeded under the impression, after repeated conferences with Clark, that the purchase and resale of the property would clear up all of the indebtedness. The sale included property on which Clark had no lien as well as the property on which he had only a second lien. Schwartz's acceptance of his vendee was an essential factor

in the resale and it was given. Clark wholly denies the alleged arrangement between himself and Schwartz, but he does say, whether intentionally or not, that he had the distress warrant issued. Though he did not resell the property to Tierney, one of the men Schwartz and Kimbrough say he had in view, Crowley let Tierney have it in some way and Tierney became Mrs. Schwartz's tenant.

Upon this state of the evidence, we are unable to say the verdict could not stand, if there had been no errors in the court's rulings in the course of the trial. The conditions, circumstances, relation of the parties and their purposes, as well as what they said, enter into the case. If they had repeated conferences over the situation, the procedure adopted and its objects, as two of the witnesses say they did, it is highly probable that each knew the intention of the other, and their general expressions testified to by the plaintiff may well be taken as constituting an agreement that the defendant was to make all of his money as well as the plaintiff's rent out of the debtor's property and release the certificate of stock.

But some of the instructions given at the instance of the plaintiff were so drawn as to submit a theory not supported by any evidence, namely, actual payment of the $600.00 note. Such was the character of his instructions Nos. 2, 3 and 4. There was no evidence of actual payment. Schmidt had paid but $300.00 which had been applied on the small notes, and the proceeds of the resale of the property were insufficient, by about $600.00, to cover the defendant's claims and the rent. To give instructions having no basis in the evidence is always reversible error, unless the court can clearly see the error was not prejudicial. *Kuykendall* v. *Fisher,* 61 W. Va. 87; *Parker* v. *Building & Loan Ass'n.,* 55 W. Va. 134. As the evidence was such that the jury might have found either way, we are unable to say the errors committed in the giving of these instructions did not prejudice the defendant.

No error is perceived in the giving of plaintiff's instruction No. 1, telling the jury they might find for him, if they believed from the evidence he was entitled to possession of the certificate, fix its value and award damages for detention thereof. Nor did

the court err in refusing the three instructions requested by the defendant, one of which was peremptory and the other two substantially so, since they would have told the jury they could not find for the plaintiff, unless they were satisfied by the evidence or a preponderance thereof, that the note had been paid in full or satisfied in full, for there was no proof of actual payment. Each of the latter two would have excluded a theory of right of recovery supported by evidence, an agreement to release the certificate, in consideration of a chance to make the money out of the property, or such an agreement based upon a false representation as to the amount due, inducing the plaintiff to take the desired procedure by which the defendant obtained the property and disposed of it for less money than was required for full payment of all of the claims.

The defendant's instructions, as well as his motions to set aside the verdict and to render judgment *non obstante veredicto*, were based largely upon lack of a special replication to his special plea. His contention that a release by agreement could not be proved in the absence of such a replication has already been disposed of adversely to him.

For the errors noted the judgment will be reversed, the verdict set aside and the case remanded for a new trial.

*Reversed and cause remanded for new trial.*