DAVE GIDEON *v.* PUTNAM DEVELOPMENT COMPANY

(CC 456)

Submitted September 20, 1932. Decided December 12, 1932.

*Geo. S. Wallace*, for plaintiff.
*Livezey, Hogsett & McNeer*, for defendants.

WOODS, JUDGE:

This certificate involves the sufficiency of an amended and supplemental bill.

It appears from the original bill, filed January 14, 1929, that H. E. Saunders and wife, on January 17, 1922, agreed, by writing of even date, to sell and convey a certain parcel of land in Huntington, to Dave Gideon, plaintiff herein, for $58,500—$2,700 in cash, and like amount yearly up to and including 1926; $9,000 to be payable on January 17, 1927, at which time four notes of $9,000.00 each, due in one, two, three and four years, respectively, were to be given for the balance, and a deed executed and delivered. On January 1, 1923, plaintiff sold and assigned his contract to J. J. West for $17,325, all of which has been paid except two $5,162.50 notes payable to order, amounting to $10,325. On February 24, 1923, by written agreement between Saunders, Gideon and West, Saunders was permitted to borrow $10,050 from Jackson Building & Loan Association, the same being secured by deed of trust; the proceeds to be credited on the four notes to be executed in favor of Saunders, in 1927, on the execution of the deed. West, by virtue of an agreement between Saunders, plaintiff, and himself, secured a loan of $35,000 from The Western & Southern Life Insurance Company on April 30, 1924. This loan was secured by deed of trust December 9, 1924, to Livezey, trustee, in the execution of which Saunders and plaintiff joined. The principal amount of said loan was evidenced by ten notes, nine of which were in the sum of $1,750.00 each, payable over a period of nine years, and one for $19,250, payable in ten years after date. West, out of the proceeds, paid off the Jackson Building & Loan Association's loan to Saunders, and erected a three-story building on the lot.

On December 30, 1926, West conveyed his rights under the contract purchased from Gideon to the Putnam Development Company, which assumed the amounts remaining due to The Western & Southern Life Insurance Company; some $36,350 still due Saunders under contract; the two $5,162 notes given plaintiff by West, which were to be secured by a second deed of trust as soon as Saunders and wife executed the deed under their agreement, and to keep and observe all covenants, which included payment of taxes. Saunders, on January 17, 1927, executed the deed, in which West and plaintiff joined, to the Putnam Development Company, and placed the same in es-

crow with the Union Bank & Trust Company, to be delivered upon payment of $9,000 then due, and receipt of the four notes in the sum of $6,840.13 each, the amount due on the four $9,000 notes, after deducting the Jackson Building & Loan Association's loan. The Development Company, while the deed was still in escrow, conveyed to McNeer, trustee, to secure plaintiff as agreed to by West. Both West and the Development Company failed to meet the payment of $9,000 due Saunders in 1927. This amount was paid by the plaintiff; also he paid the note of $9,000 falling due January 17, 1928, less the proceeds from Jackson Building & Loan Association loan, heretofore referred to; made certain payments to Western & Southern Life Insurance Company to prevent foreclosure under the deed of trust held by it. Taxes for 1926, 1927, etc., were not paid; certain judgments were taken in 1928 against West after equitable title in Putnam Development Company.

The bill brought in all parties to the negotiations, including West's judgment lienors, and prayed, among other things, that Saunders and Union Bank & Trust Company be required to deliver the deed to the Putnam Development Company, and that the latter place the same of record; that judgments against West be decreed not to be a lien against said real estate, or any interest therein; that the liens against said real estate, their respective amounts and priorities be ascertained and fixed; that a receiver be appointed for the purpose of collecting rents, etc.; that sale may be authorized under the deed of trust by Development Company to McNeer, trustee, either free of or subject to prior liens; and that Saunders be enjoined and restrained from taking any action to enforce the indebtedness due him, either from Putnam Development Company, J. J. West, or plaintiff, until the amount of such indebtedness is ascertained.

The defendant, The Western & Southern Life Insurance Company, filed an answer, duly verified, on January 5, 1932, which, after dealing with a number of averments relating to the pleading of plaintiff, averred that a receiver was appointed on January 14, 1929, qualified, and took possession of said real estate in question, and has ever since collected the rents therefrom and turned the same over to the plaintiff, but has never made any report or accounting to this court; that the

cause was by order of October 17, 1929, referred to one of the commissioners in chancery to take, state and report an account on the matters and things set forth in said order; that, after notice to the parties, hearings were had before the commissioner on November 21st and 27th, 1929, at which time the plaintiff announced that the matters in difference between him and defendants, H. E. Saunders and Putnam Development Company, had been adjusted; and that since that time nothing further has been done in the cause; and that the commissioner has made no report. The answer further avers that said real estate will not sell for enough to pay the unpaid taxes, interest and costs of the indebtedness due defendant, and that because of the forfeitures, proceedings by school land commissioner, and delinquencies for non-payment of taxes as aforesaid, any further delay in the enforcement of defendant's trust deed lien will result in great loss and damage to defendant.

The prayer is that an order may be entered herein permitting Livezey, trustee, to make sale of said real estate under the terms of the trust deed dated December 9, 1924, pursuant to the notice and advertisement of said sale, and such other terms and conditions as the court may prescribe; that, in the event the proceeds therefrom shall be insufficient to pay the costs and expenses incident thereto, plus the unpaid taxes and the indebtedness due defendant, the special receiver heretofore appointed be required to account for the rents and other income received by him from said real estate; and that any balance in his hands therefrom be applied to the unpaid taxes against said real estate; and if such balance shall be insufficient to pay such taxes to the extent necessary to save this defendant from loss, that a decretal judgment be entered against Saunders, Gideon and West to the extent necessary to save defendant from any loss, because of their covenant in the trust deed to pay all taxes and other assessments against said real estate when and as the same became due and payable; and that if such further proceedings should be required herein against the plaintiff and the defendants Saunders and West, process issue against said plaintiff and all the defendants in this cause, except defendant; and for such other and further relief as to a court of equity seems meet.

Thereupon plaintiff, on January 8, 1932, filed a special reply denying (1) liability on his part for taxes under the deed of trust on the ground that he joined therein merely to confirm title; (2) defendant's right to foreclose the deed of trust in the manner attempted; (3) any agreement with Saunders and Development Company, and states that he thought the suit was being conducted in orderly way by his attorney. He also avers therein that, in view of the provisions that sale is for cash, there will be only one bidder, defendant insurance company; and, that the property is worth more than the lien of the insurance company; and further, that he is willing to take over the property as per an agreement between him and the insurance company and to pay off the first and second liens thereon.

A few days later the amended and supplemental bill, which was held insufficient on demurrer, and the sufficiency of which is now before this court, was filed. By this latter pleading plaintiff seeks to meet the situation presented by the insurance company's answer, by setting up an agreement entered into between plaintiff and the insurance company sometime prior to August 21, 1931, to the effect that the insurance company would make sale under its deed of trust and would permit the plaintiff to buy the property in, and that the company would advance plaintiff money with which to pay off the taxes, in consideration of which the plaintiff, as owner, would give a deed of trust to the defendant insurance company for the amount still owing it, plus the item of taxes, etc. This amended and supplemental bill avers that both West and the Putnam Development Company are insolvent; that plaintiff is solvent; that the rents from the property have not been sufficient for some time to pay the taxes and to pay interest on curtailments due the defendant company; that plaintiff is ready and willing to assume the full personal responsibility for the repayment of the loan as well as all back taxes and assessments against the property; that he will protect the lien of Saunders, provided title can be vested in him; that with such end in view he had a conference with the officers and agents of the insurance company, looking to the transfer of the loan on this property to him; that at such conference the question of delinquent taxes, etc., were discussed and he repre-

sented to the defendant, insurance company, that he was willing and able to take over the loan upon terms and conditions then and there under discussion; and further that he had information which led him to believe—and that he did believe—that the Governor of the State would on some date between the date of the conference and December 1, 1931, call an extra session to relieve delinquent tax payers of certain fees and penalties that had accrued by reason of the non-payment of taxes, and that he was desirous of getting the benefit of any such legislation. It is further alleged that after a full discussion, it was agreed between the insurance company and the plaintiff that the former would arrange to have its trustee foreclose and that plaintiff would purchase the said property at the sale and that after the sale had been consummated the insurance company would lend him a sufficient amount of money to pay up the trustee's fees, pay insurance company the amount due on its principal loan, the interest thereon, and all back taxes, which amount was to be secured by a deed of trust upon the property. At this point in the pleading appears a letter of confirmation, as follows:

"THE WESTERN AND SOUTHERN LIFE
INSURANCE COMPANY
CINCINNATI, OHIO, August 21, 1931.

Office of TREASURER
Wm. J. Harvie, V. P.,
Huntington Banking & Trust Co.,
Huntington, West Virginia.

In Re: ML-4216-premises 924-926 Sixth Avenue
Huntington, West Va.

Dear Sir:

We beg to confirm certain arrangements made at this office at a conference between yourself, Mr. Dave Gideon, our Vice-President, Mr. Johnson and the writer.

This company holds first mortgage of $28,000.00 on premises 924-926 Sixth Avenue, and we have been advised that taxes for the past five years are delinquent amounting to approximately $6,500.00.

Our loan at the present time is also delinquent in interest $840.00 which was due and payable on June 9, 1931.

According to the arrangements made, Mr. Dave Gideon is to take immediate steps to acquire title to

the property in his name, at which time this company will accept an application for a loan on the premises evidenced by his personal note secured by deed of trust for an amount equivalent to the balance of our principal $28,000.00 plus all delinquent taxes and delinquent interest.

We are advised that the tax matter would be settled within the next sixty or ninety days, and were further advised that the new loan could be consummated on or about December 1, 1931.

For the purpose of analyzing the new loan, we will assume that all delinquent taxes can be settled for the sum of $5,000.00 and submit herewith a statement on that basis:

| | |
|---|---:|
| Present unpaid balance of principal | $28,000.00 |
| Amount necessary to take up delinquent taxes | 5,000.00 |
| Interest due June 9, 1931 | 840.00 |
| 6 months interest on $840 at 6% | 50.00 |
| Interest due December 9th, 1931 | 840.00 |
| | $34,730.00 |

It was agreed that Mr. Gideon is to amortize, in six equal semi-annual payments due six months after the date of the loan and semi-annually thereafter, an amount equivalent to one-half of the taxes, plus the delinquent interest. On the basis of the delinquent taxes amounting to $5,000.00 Mr. Gideon would obligate himself to pay in six equal semi-annual payments the sum of $4,230.00, or a semi-annual payment of $705.00 during the first three years. These payments are to be made in addition to the regular semi-annual interest payments, also current taxes as they become due and payable.

We suggest that the loan be made for a period of ten years and the semi-annual principal payments commencing 3½ years after date of loan are to be at least 2½% of the principal of our loan, after deducting one-half of the taxes, plus the delinquent interest.

Again on the basis of delinquent taxes $5,000.00 the basis on which to figure the amortization would be $30,500.00 and 2½% of that amount would be $762.50. This sum is to be paid at the end of three and one-half year period and payments are to continue each six months until the end of the ninth year, with the then unpaid balance due and payable at the end of the tenth year. We will grant Mr. Gideon the

option of paying in sums of $100.00 or any multiples thereof on any interest paying period.

The interest rate is to be 6% net to this Company until principal of the loan has been reduced to $30,-000.00 and the rate will then be 5½ per cent, as long as all principal, interest, and taxes are paid promptly.

It was further agreed that the Huntington Banking and Trust Company is to handle the loan for our account and that the legal adviser of that bank is to pass on the title and look after our interest in closing the loan, title to be vested in the name of Dave Gideon to the satisfaction of the Huntington Banking & Trust Company as well as legal department of the Western and Southern Life Insurance Company.

Copy of this letter is enclosed for Mr. Dave Gideon.

Yours very truly,

(Signed). —— Stayman Treasurer.''

Further averments are that, after learning that a special session would not be called, he (plaintiff) notified the insurance company, the latter part of November, 1931, that he was prepared to go ahead with the proposal made by it to him in the letter of August 21, 1931, but that the said Western and Southern Life Insurance Company failed and refused to comply with such proposal and agreement; that after being advised that the trustee had been instructed to advertise the property for sale, he advised the trustee that he stood ready and willing to carry out the agreement as embodied in the letter of August 21, 1931, and that the insurance company again refused and still continues to refuse to abide by or to carry out such agreement; also that he has agreed with Saunders who, by virtue of vendor's lien, has second lien in an amount of $20,520.39, that if he (plaintiff) gets title vested in him, that he will secure such lien by a second deed of trust. By the prayer, plaintiff seeks specific performance of the contract, and such other, further and general relief to which he may be entitled.

The demurrer attacked the last pleading on the ground that the letter could not be enforced as a contract because without consideration and, therefore, wholly void and of no effect; that the contract cannot be specifically enforced; that plaintiff has a complete and adequate remedy at law; that the al-

leged agreement based upon said letter cannot be enforced against the plaintiff and because of such lack of mutuality a court will not entertain a bill to specifically enforce same against defendant; and that the amendment constitutes an entirely new and different cause of action.

According to the pleading in question, the plaintiff, in effect, promised to assume personal responsibility for the loan, interest and taxes due, prior to December 1, 1931, in consideration of the defendant's promise to arrange for foreclosure and advance the necessary money to plaintiff to take care of the same. Ordinarily, where mutual promises are made, the one furnishes a sufficient consideration to support an action of the other. *Rowan* v. *Hull*, 55 W. Va. 340, 47 S. E. 92. But such promises must be for a common purpose and mutually advantageous or detrimental. As held in *Sturm* v. *Parish*, 1 W. Va. 125, where there is a benefit to be derived by each side of the contract, that fills in the fullest demand of the law as to consideration. Plaintiff has averred that both West and the Development Company are insolvent. No recovery can be made on West's notes, in case the property does not bring sufficient to satisfy the debt; nor can the Development Company be proceeded against thereon. The plaintiff is solvent and has other property. In order to protect the money that he has paid out, the other moneys owing to and from him in connection with the property, he is willing to assume the loan due the defendant insurance company and to give his personal note and a deed of trust on the property in question to secure same. Defendant alleges in its answer that the property will not sell for enough to pay the unpaid taxes, interest and costs and the indebtedness due it. Such an arrangement as suggested by the plaintiff must have been of some value to it, since it tended to give it added security as well as relieve them from assuming control of the property for an uncertain period of time. In view of such situation, there seems to be such mutual advantages as would support the contract declared upon. The fact that there may not be mutuality of remedy is not of itself sufficient to defeat a prayer for specific performance. Where performance on both sides is to continue over a period of time, Judge Meredith, in *Elk Refining Co.* v. *Falling Rock Cannel Coal Co.*, 92 W. Va. 479, 115 S. E. 431, quoting

from *Great Lakes & St. Lawrence Transp. Co.* v. *Scranton Coal Co.*, 239 Fed. 603, said: "If specific performance be otherwise proper, equity is not deterred from granting its aid because of a so-called lack of mutuality in the remedy; but it suffices that defendant's compulsory performance is conditional upon complainant's continued readiness to carry out its obligations."

But is the alleged agreement such as a court of equity will specifically enforce? So far as the taxes are concerned it seems to be a contract for the loan of money. The insurance company contends that no proposition is better settled than that courts of equity rarely enforce contracts relating to personal property. "An agreement to borrow a sum of money and give security for it cannot be specifically enforced, since plaintiff's loss by failure to get as good an investment for his money as that contracted for is a mere matter of calculation for a jury. And an agreement to lend money, whether on security or not, cannot be specifically enforced." 36 Cyc. 556. The annotator in 41 A. L. R. 357, after citing cases states: "The general rule is well settled that ordinarily a court of equity will not decree specific performance of a contract to lend money since the remedy at law for damages is adequate." To like effect: Williston, Contracts, sec. 1421, and 5 Pomeroy's Eq. Jur., sec. 2175. So, for the purposes of this case, we would have to hold that specific performance could not be decreed. If this be so, can the bill filed be good for any purpose?

As we view this case a denial of specific performance would not necessarily prevent relief under the general prayer. It is well settled in this state, that under the general prayer the plaintiff is entitled to any relief which the material facts and circumstances put in issue by the bill will sustain. *Blake* v. *Blake*, 98 W. Va. 346, 128 S. E. 139; *Castle Brook Carbon Co.* v. *Ferrell*, 76 W. Va. 300, 85 S. E. 544; *Custer* v. *Hall*, 71 W. Va. 119; *Stewart* v. *Tennant*, 52 W. Va. 559; *Waldron* v. *Harvey*, 54 W. Va. 608, 46 S. E. 603. If the specific relief prayed for cannot be granted the court may, if there is a prayer for general relief, grant any appropriate relief warranted by the averment in the bill. *Taylor* v. *Taylor*, 76 W. Va. 469, 85 S. E. 652. While the contract in the instant case cannot be specifically enforced (on which theory the trial

court seems to have sustained the demurrer), we do say that the plaintiff is entitled to injunctive relief based on such contract. He avers that the insurance company is proceeding to make sale of the property under its deed of trust, whereby he would be seriously injured. On this theory of the case we are of opinion that the demurrer to the bill should have been overruled and the plaintiff awarded an injunction inhibiting the insurance company from causing the property to be sold under the deed of trust, except in compliance with the arrangement evidenced by the letter of August 21, 1931, provided the plaintiff promptly complies with the requirements imposed upon him by said arrangement. Upon failure of such compliance by the plaintiff within a reasonable time, the injunction should be dissolved.

*Ruling reversed; demurrer overruled.*