C. O. NICHOLS *v.* ISLAND GAS COMPANY

(No. 7637)

Submitted September 12, 1933.   Decided September 19, 1933.

*W. E. R. Byrne,* for plaintiff in error.
*Roderick G. Merrick,* for defendant in error.

HATCHER, JUDGE:

By notice of motion for judgment, the plaintiff seeks to recover a balance on a contract for drilling a gas well, which balance was alleged to be represented by a note of defendant. There is some confusion about whether defendant filed a formal plea of the general issue. An order entered November 14, 1932, filed for defendant (1) an affidavit (in statutory form) denying that it owed anything on plaintiff's demand, (2) a special plea of *non est factum* to the note, and (3) a notice of recoupment which alleged that through plaintiff's neglect the value of the well was diminished, if not destroyed.   The plaintiff then filed what it termed ''an amended declaration'', but was permitted to withdraw it by an order entered February 28, 1933, which recited: '' * * * and this action and the issues involved therein are made up by the plaintiff's original motion for judgment and the defendant's special plea, the defendant's plea of the general issue, and the defendant's notice of recoupment, the said pleas of the defendant have been entered

and filed by court order on November 14, 1932.'' (It will be observed that the order of November 14, 1932, did not mention specifically a plea of the general issue.) On motion of plaintiff, the trial court struck out the notice of recoupment on the ground (as stated in the order) that recoupment ''was inconsistent'' with the plea of *non est factum*. At the election of plaintiff, issue was joined upon the plea of *non est factum* alone; and upon that sole issue a verdict was returned and judgment thereon rendered in favor of plaintiff for the amount of the note. Defendant complains here of the procedure.

If the plaintiff negligently permitted the well to be damaged the amount of the unpaid balance on the drilling contract, it would not have been natural for defendant to have knowingly executed a note for that balance. So we observe nothing inconsistent between defendant's plea denying the note and its demand of an adjustment for damages to the well.

Under the practice in this jurisdiction, recoupment is a defense requiring no formal plea, but is made under the general issue, upon notice to plaintiff. *Franklin v. Lbr. Co.*, 66 W. Va. 164, 66 S. E. 225. A notice of motion for judgment is an informal proceeding and not subject to the strictness of common law rules. *Kelley Co. v. Phillips*, 102 W. Va. 85, 134 S. E. 469. A formal plea of the general issue puts in issue the plaintiff's entire demand. The statutory affidavit of a defendant upon a notice of motion for judgment denying any indebtedness to the plaintiff has a like effect. We said in *Supply Co. v. Waugh*, 106 W. Va. 67, 71, 145 S. E. 584, that *an issue was made up* by defendant's affidavit. In the instant case the recital in the order of February 28, 1933, that a plea of the general issue had been filed on November 14, 1932 (the date defendant's affidavit was filed), indicates that the attorneys and the trial court regarded the affidavit as equivalent to such plea. Consequently we hold that defendant's affidavit was in effect a plea of the general issue; that the notice of recoupment was properly filed in connection with the affidavit; and that it was reversible error to strike out the notice and deny defendant the defense of recoupment.

The judgment of the trial court is reversed, the verdict set aside, and a new trial awarded the defendant.

*Reversed; verdict set aside; new trial awarded.*