WILLIAM MACDONALD *v.* W. M. WILLIAMS, *et al.*

(No. 8864)

Submitted October 17, 1939. Decided November 7, 1939.

*H. G. Shores,* and *Joseph E. Hodgson,* for plaintiff in error.

*George H. Williams,* for defendant in error.

RILEY, JUDGE:

This is a notice of motion for judgment by William Mac-Donald against W. M. Williams and W. C. Moomau, executors of the estate of Charles W. Taylor, deceased.

The claim is based on an assignment executed by C. Earl Moss, a judgment debtor of the plaintiff. The notice of motion states that the executors to whom the assignment was addressed, and against whom recovery is sought, paid over to the assignor instead of to plaintiff as assignee certain funds, contrary to the terms of said assignment. Defendants were permitted to introduce, among other things, a writing, entered into between a number of judgment lien creditors, including plaintiff, and their debtor, C. Earl Moss, whereby Moss was enabled to secure a loan from a third party. The trial court found that the money received by plaintiff under the last-mentioned writing amounted to an extinguishment of the judgment debt, for which the assignment had been made; hence, plaintiff's resort to this. Court.

The assignment, which bore date October 22, 1932, was against a bequest to assignor under the will of Charles W. Taylor. On August 10, 1934, C. Earl Moss, in order to secure a loan from the Federal Land Bank of Baltimore on the "Mollie J. Taylor tract" in Hampshire County, entered into a written agreement or plan of settlement with creditors, including plaintiff, who had docketed judgments in Hampshire County, on the basis of payment of one-third of their several claims out of said proposed loan. This writing, after reciting in part that it was apparent to the creditors that they must curtail their indebtedness, if the proposed loan was to be closed, and that such action was necessary on their part if they were to realize anything on their respective claims, concludes:

> "Now, therefore, in consideration of the premises, and to make the Federal Land Bank loan available, and to receive such of said funds as may be applicable to our indebtedness, we severally hereby agree as follows, (1) that we *will accept one-third* (1/3) *of our claims,* as herein listed,

*in full settlement thereof,* to be paid as soon as the Federal Land Bank funds are in hand available; (2) that we will execute and deliver in escrow, when called on for same, a valid release of our said several judgment liens, but (3) this agreement to be binding on us and each of us, only when, and in the event, all the judgment creditors herein named, execute this agreement by affixing their proper signatures hereto, and (4) that it be approved and agreed to by said C. Earl Moss by his affixing his signature hereto." (Italics supplied).

Out of the loan which followed, plaintiff was paid the $59.75 agreed upon in the foregoing understanding. In the release which followed, he stated that the debt, which at the time of the execution of the written agreement amounted to $179.26, "has been fully paid and satisfied as a lien against the Mollie J. Taylor's real estate, but not to affect other real estate." Some time thereafter, April 22, 1935, the executors made a payment of $117.29 to C. Earl Moss, legatee, out of their decedent's estate.

Plaintiff takes the position (1) that there is a lack of consideration to support the written agreement; and (2) that such writing did not extinguish the added security provided by the Moss assignment.

In answer to the first position, it may be stated that the writing under scrutiny is more than an agreement whereby one party consents to take less than a liquidated amount due him. It is, in effect, a composition with creditors, in which the mutual promises of the creditors to forego their full legal rights and to accept what is offered for their common benefit are a sufficient consideration. 11 Am. Jur. 235, 236. Mutual promises of parties to a contract are a valuable consideration. *Rowan & Co.* v. *Hull,* 55 W. Va. 335, 340, 47 S. E. 92, 104 Am. St. Rep. 998, 2 Ann. Cas. 884; *Gideon* v. *Putnam Development Co.,* 113 W. Va. 200, 208, 167 S. E. 140. Moreover, the bank, on the strength of the agreement was enabled to advance a loan on the particular tract of land, whereby the debtor could and did pay the reduced amounts to his creditors. Gen-

erally, where there is an agreement between a debtor and his creditor, whereby the latter undertakes to accept a reduced amount in full satisfaction of his debt, and payment of such amount is made by a third person at the request of the debtor and received by the creditor, there is an accord and satisfaction, and the agreement is based upon a valid consideration. 1 Am. Jur. 247, note 1 and cases cited thereunder; *Vaughn* v. *Robbins et al.*, 254 Mass. 35, 149 N. E. 677, 41 A. L. R. 1488, and note 1490; 2 Restatement, Contracts, sec. 421; 12 C. J. 257. It follows that the agreement here, in addition to being one of composition with creditors, likewise may be sustained on the higher basis as an accord and satisfaction.

With reference to the second position, plaintiff invites attention to a letter, dated November 11, 1934, which the court's order recites was introduced in evidence, to him from Moss' attorney. This letter, written in response to an inquiry, states, in effect, that the agreement applied only to the Mollie J. Taylor real estate. Plaintiff's release, as heretofore stated, was to like effect. The statements in the release, as well as the letter, indicating, as they do, that the agreement was to apply only to security embodied in the Mollie J. Taylor tract, cannot be relied upon to limit the meaning of the clear and unambiguous language used in the writing of August 10, 1934. *Jones* v. *Kessler,* 98 W. Va. 1, 126 S. E. 344. In the absence of a specific provision to the contrary, a creditor by entering into a composition deed or contract gives up any lien or claim he may have on the debtor's property. A composition usually extinguishes the debt and with it all securities for the debt. 11 Am. Jur. 237. So, if plaintiff intended to reserve his rights under the assignment upon Moss' legacy, he should have noted such reservation in the agreement.

The remaining question goes to the admissibility of the agreement of August 10, 1934, under the pleadings. In addition to the notice of motion, and supporting affidavit, there were a plea of payment "that plaintiff received the sum of $59.75 from C. Earl Moss in full settlement of the

584

claim set forth and demanded, * * *" and an affidavit stating, in effect, that there is not, as affiant verily believes, any sum due by defendant to the plaintiff upon demand stated in the notice. "The statutory affidavit of a defendant upon a notice of motion for judgment denying any indebtedness to the plaintiff may be treated as in effect a plea of the general issue." *Nichols* v. *Island Gas Company*, 114 W. Va. 80, 170 S. E. 912. And, although an accord and satisfaction is in the nature of a confession and avoidance, yet in this state it may be pleaded under the general issue. *Zogg* v. *Kern Oil & Gas Co.*, 94 W. Va. 17, 117 S. E. 620; *Schwartz* v. *Clark*, 86 W. Va. 244, 246, 103 S. E. 47; *Shore* v. *Powell*, 71 W. Va. 61, 76 S. E. 126; *First Nat'l. Bank of Wellsburg* v. *Kimberlands*, 16 W. Va. 555; Hogg's Pleading and Forms (1934) 261. So, under the pleadings, we are of opinion that the writing was admissible.

Plaintiff objected in the trial court to the plea of payment solely on the ground that the affidavit came too late. In support of this position he contends that the affidavit was not filed until after a continuance of the case was had to a subsequent term of court. The record, however, does not disclose any order of continuance, and the legal question sought to be presented by counsel is not before us.

Perceiving no error in the action of the trial court, we therefore affirm the judgment.

*Affirmed.*